*Massie v. Hall,* et al.,

**EXHIBIT C**

**to the Complaint**



# CITY OF SURPRISE
# POLICIES & PROCEDURES
## MANUAL



## **PROLOGUE**

*We will never bring disgrace on this our City by an act of dishonesty or cowardice.*

*We will fight for the ideals and sacred things of the City, both alone and with many.*

*We will revere and obey the City's laws, and will do our best to incite a like reverence and respect in those above us who are prone to annul them or set them at naught.*

*We will strive increasingly to quicken the public's sense of civic duty.*

*Thus, in all these ways, we will transit this City, not only, not less, but greater and more beautiful it was transmitted to us.*

-The Athenian Oath

**INTRODUCTION**

Residents of the City of Surprise are entitled to have fair, ethical and accountable local government that has earned the public's full confidence and trust.  Excellence in local governance requires that public officials comply with the letter and spirit of the laws and policies affecting the operations of government.  It requires that every official be independent and impartial in matters brought before them.  Effective local government requires that each public office be used for the good of the public and not for personal gain. Transparent local government demands that deliberations and discussions be conducted openly, unless legally confidential, in an atmosphere of respect and civility.

Notwithstanding the standards, requirements, and prohibitions set forth within this Policy, the United States and Arizona Constitutions, as the supreme laws of the land, guarantee to all, not excluding elected officials, certain protections, rights, and privileges. Therefore, nothing in this Policy shall be interpreted or applied in a manner which infringes or impairs any elected official's protections, privileges, or rights guaranteed by the respective Constitutions or any federal or state laws adopted under the authority of same.

**RULES OF CONDUCT AND DEMEANOR**

Elected and appointed officials are often called upon to make decisions that affect various groups and individuals.  Balancing diverse constituent interests can be a difficult task. While someone may be disappointed in a decision, officials must adhere to ethical standards that eliminate disappointment borne of dishonesty, conflicts of interest, unfairness, or illegality. **Preservation of public trust is critical for the preservation of democracy.**

It is the policy of the City of Surprise to uphold, promote, and demand the highest standards of ethics from all of its officials, whether elected or appointed. Accordingly, all members of the City Council will maintain the following standards:

**Rule 1.  Act in the Public Interest**

Recognizing that stewardship of the public interest must be their primary concern, members will work for the common good of the City of Surprise and not for any private or personal interest, and will assure fair and equal treatment of all persons, claims and transactions coming before the Surprise City Council.

**Rule 2.  Comply with the Law**

Members will comply with the laws of the nation, the State of Arizona, and the City of Surprise in the performance of their public duties. These laws include, but are not limited to: the Federal and State constitutions; laws pertaining to conflicts of interest, election campaigns, financial disclosures, anti-discrimination, confidentiality/non-disclosure laws, and open meeting; City ordinances; and City and City Council policies.

**Rule 3.  Professional Conduct**

The professional and personal conduct of members must be above reproach and devoid of even the appearance of impropriety. Members must refrain from abusive conduct, harassment, personal charges or verbal attacks upon the character or motives of other members of Council, boards, commissions, and committees, City staff or members of the public. Likewise, Honesty and integrity shall be the primary values exercised in resolving all issues.

**Rule 4.  Conduct of Public Meetings**

Members have an obligation to attend meetings, be prepared, and act in accordance with the processes and rules of order established by City Council. Members are expected to review the materials, participate in discussions and make an informed decision on the merits of the issue. Members must act courteously, refrain from interrupting other speakers, making personal comments not germane to the business of the body, or otherwise interfering with the orderly conduct of meetings.

**Rule 5.  Transparent Governance**

Members must publicly disclose substantive information that is relevant to a matter under consideration by the Council which the member may have received from sources outside the public decision-making process.

Members are increasingly using social media to share information with the public and as a forum to facilitate the public's ability to communicate with them about matters relating to City governance. However, numerous laws and legal obligations are implicated, and legal issues arise, when members utilize social media accounts to carry out their official duties or engage in city business. These legal issues become even more pronounced when members conduct official city business on personal or private social media accounts.

Therefore, in order to ensure social media accounts are administered uniformly, to the highest standards, and in compliance with all laws and legal obligations, the City will create and maintain official social media accounts for use by members in connection with their official duties. Once an official account is created on any given platform, members will not use a personal or private social media account on that platform for official purposes, conducting city business, or performing their duties as a council member. For example, members will not use personal or private social media accounts to make announcements about official responsibilities, actions, or events, discuss city business, solicit comments or input from the public on city matters, or distribute official city notices or information. Nevertheless, recognizing that complete isolation of a private account from city business is an unrealistic standard, using a private account to link, reference,  or otherwise direct the public to the member's official account or city webpages, notices,  or accounts does not violate this policy. Members' personal or private social media account designs will not utilize  official city logos, graphics, pictures, or material that would reasonably mislead the public to  believe it is an official city account.

**Rule 6.   Advocacy**

Members of the City Council are frequently contacted by the media for background and quotes. The Mayor is the designated representative of the Council to present and speak on the official City position. Members must represent the official policies or positions of the City Council to the best of their ability if designated as delegates for this purpose. When presenting their individual opinions and positions, members must not allow or perpetuate the inference or misperception of official City representation to exist. Until and unless the Mayor and Council take an **official** position on an issue as a collective public body in a public meeting, any statements or written correspondence should reflect clearly that the position taken is that of the individual in his/her personal capacity.

**Rule 7.   Policy Role of Members**

The Role of each Member, as an individual, is to represent the community and to share their ideas, recommendations, and point of view during consideration of matters before the body.  Members must respect and adhere to the Council-manager structure of the Surprise City  government as outlined in City Code. In this structure, the City Council determines the policies of  the City with the advice, information and analysis provided by the public, boards, commissions,  committees and City staff. Members therefore may not interfere with the administrative  functions of the City or the professional duties of City staff; nor impair the ability of staff to implement Council policy decisions. Members should also refrain from individually directing, without a majority consensus of the Council, the  City Manager, City Clerk, City Auditor, or City Attorney in the performance of his/her job responsibilities.

**Rule 8.   Positive Work Place Environment**

Members must support and maintain a positive and constructive work place environment for City employees, residents, and businesses dealing with the City.  Members must recognize the special role of the Council in dealings with City employees and refrain from directing or giving orders, outside of a public meeting, to any City employee under the supervision of an appointed official.

**Rule 9.   Conflict of Interest**

Members must be constantly on guard against conflicts of interest, whether real or perceived. Officials must not be involved in discussing or deciding any issue over which the Council may have jurisdiction and which may impact a financial or property interest of either the member or a member's relatives (relatives means the spouse, children, parent, grandparent, grandchildren, siblings of whole or half blood and their spouses and in-laws).

If a member believes that a conflict of interest, as defined by Arizona Revised Statutes Title 38, Chapter 3, Article 8  exists,  then  the  member must disclose the fact as soon as possible on the record. From that point on, the member  may not participate in any manner (by discussing, questioning or voting) in that matter. Declaring   a conflict and not participating should be recognized as a necessary part of preserving public trust  and should not be avoided simply because of delays or inconvenience.  At the same time, members have a duty to participate, and vote. Therefore, members must not abstain from participation or voting unless the matter involves the consideration of their own official conduct or a conflict of interest as defined by law exists.

**Rule 10.  Accepting Gifts, Favors or Benefits**

Pursuant to Arizona law:

> *A public officer or employee shall not use or attempt to use the officer's or employee's official position to secure any valuable thing or valuable benefit for the officer or employee that would not ordinarily accrue to the officer or employee in the performance of the officer's or employee's official duties if the thing or benefit is of such character as to manifest a substantial and improper influence on the officer or employee with respect to the officer's or employee's duties.*
>
> Arizona Revised Statute § 38-504(C)

Therefore, members shall not solicit, directly or indirectly, a gift regardless of value.

An unsolicited gift with a known value or reasonably estimated fair market value of $50.00 or less is permissible if the gift is not otherwise prohibited by law. An unsolicited  gift with a known value or reasonably estimated fair market value greater than $50.00 is permissible if the gift is not otherwise prohibited by law and if the gift is disclosed by the member as provided in this Section.

For purposes of this section, "gift" means anything of value, which is directly and personally received, unless consideration of equal or greater value is given in return.  Gift does not include:

1)  Salary, compensation, or benefit lawfully received from the City of Surprise
2)  A gift, devise or inheritance from a relative when motivated by familial relationship
3)  A gift from a personal friend either motivated by friendship, of a nature that was customarily received before the member became an elected or appointed official, or customarily given due to a personal life event, such as a wedding or birthday.
4)  A campaign contribution that is permitted and  reported as required by law.
5)  A benefit received, while acting as a representative of the City of Surprise, from another government entity due to  participation in that entity's operations, programs, or events.
6)  An item or benefit that is given to all attendees at an event.
7)  Admission, food, or beverages  furnished in connection with attendance or participation in an official capacity at an event, activity, or function sponsored by the City of Surprise, a non-profit organization, a professional association, a business association, a charitable, cultural/arts, or community organization.
8)  Items of trivial value, tokens, or award of appreciations for service, informational materials, publications, promotional items, or subscriptions pertinent to the performance of official duties.
9)  Reasonable expenses for attendance at a convention, fact-finding mission or trip, or similar event if the member is scheduled to speak, present, or otherwise participate  in a matter related to City business as a representative of the City of Surprise.
10) An item that is reimbursed or not used and that is either paid for or returned within fifteen business days of receipt to the donor or that is delivered within fifteen business days of receipt to a charitable organization and that is not claimed as a charitable contribution for tax purposes.

Written disclosure of any gift required to be reported pursuant to this Section must be made to  the City Clerk within 15 business days after receipt and must include a description of the gift, the known or reasonably estimated fair market value, the date of receipt, and the source. The disclosure of gifts will be posted on the City's web page along with the member's financial disclosure statements.

In the event of uncertainty, contact the City Attorney.

**PARLIAMENTARY PROCEDURE**

Surprise Municipal Code §2-80 provides that "the latest standard edition of Robert's Rules of Order will serves as a guide for parliamentary procedure…". In furtherance of such guidance, the parliamentary rules outlined below will be followed in all City Council Meetings, keeping the following principles:

1. The Council must act as a body.

2. The Council should proceed in the most efficient manner possible.

3. The Council must act by at least a majority as defined by the Surprise Municipal Code.

4. Every member must have an equal opportunity to participate in decision making.

5. The Council's rules of procedure must be followed consistently.

6. The Council's actions should be the result of a decision on the merits and not a manipulation of the procedural rules.

**Rule 1.  Powers of the Chair**

The Chair (usually the Mayor) has the following powers:

a) To rule motions in or out of order, including any motion patently offered for obstructive or dilatory purposes;
b) To determine whether a speaker has gone beyond reasonable standards of courtesy in his or her remarks and to entertain and rule on objections from other members on this ground;
c) To entertain and answer questions of parliamentary law or procedure;
d) To call a brief recess at any time;
e) To adjourn in an emergency.

> **Comment:** *A decision by the Chair under (a), (b) or (c) may be appealed to the Council upon motion of any member, pursuant to Rule 8(b).  Such a motion is in order immediately after a decision under (a),(b) or (c) is announced and at no other time. The member making the motion need not be recognized by the presiding officer, and the motion if timely made may not be ruled out of order.*

**Rule 2.  Consent Agenda**
The Council may designate a part of the agenda as the "consent agenda." Items are placed on the

consent agenda if they are judged to be noncontroversial and routine. Any member may remove an item from the consent agenda and place it on the regular agenda when the consent agenda comes forward for action and can be revised prior to its adoption. All items on the consent agenda must be voted on and adopted by a single motion, with the minutes reflecting the motion and vote on each item.

*Comment: Many Councils use a consent agenda as a device to handle routine business more quickly. As a general rule, ordinances, controversial items, matters in which citizens may be interested, and matters of great substance will not be included on the consent agenda.*

*The Council reviews the "consent agenda" at the beginning of each meeting. Each member is free to remove items from the consent agenda to the regular agenda. A member may wish to do so if, for example, he or she would like to debate the proposal or vote against the item.*

### Rule 3.  When the Chair Is in Active Debate

If the Chair becomes actively engaged in extended debate on a particular proposal, the Chair may designate another member to preside over the debate. The Chair will resume presiding as soon as action on the matter is concluded.

*Comment: Good leadership depends, to a certain extent, on not taking sides during a debate. On a small board this may not always be feasible or desirable; yet, an unfair advantage accrues to the side whose advocate controls access to the floor. This rule is designed to ensure even-handed treatment to both sides during a heated debate. Ordinarily, if the Chair is leading the meeting, he or she should ask the Vice Chair to preside in this situation.  But, if that person also engaged in the debate, the Chair should feel free to call on some other member in order to achieve the purpose of this rule.*

### Rule 4.  One Motion at a Time

A member may make only one substantive motion at a time.

*Comment: None.*

### Rule 5.  Substantive Motions

A substantive motion is a motion to take action on the principal item and is out of order while another substantive motion is pending. In other words, a substantive motion is any motion other than the procedural motions listed in Rule 8. A substantive motion may deal with any subject within the Council's legal powers, duties, and responsibilities.

*Comment: This rule sets forth the basic principle of parliamentary procedure that distinct issues will be considered and dealt with one at a time, and a new proposal may not be put forth until action on the preceding one has been concluded. The term substantive motion is used here to underscore the distinction between this type of motion and the various procedural motions listed in Rule 8.*

### Rule 6.  Debate

The Chair will  open the floor to debate. The Chair will preside over

the debate according to the following general principles:

    (a)  Once a motion is made, the maker of the motion is entitled to speak first;

    (b)  A member who has not spoken on the issue will be recognized before someone who has already spoken;

    (c)  To the extent possible, the debate will alternate between proponents and opponents of the measure.

    ***Comment:*** *None.*

### Rule 7.  Ratification of Actions

To the extent permitted by law, the Council may ratify actions taken on its behalf but without its prior approval. A motion to ratify is a substantive motion.

    ***Comment:*** *Ratification of actions taken on the Council's behalf but without its prior approval is permitted under these rules, to the extent that such after-the-fact approval of actions is legally allowed. The principle behind the motion to ratify is that an assembly may subsequently approve what it could have authorized. This rule treats the motion to ratify as a substantive proposal rather than as a procedural motion, since a ratification is in effect an after-the-fact substantive action by the Council concerning something that was done without Council approval when advance authorization should have been obtained. For example, if the City enters a contract that would normally have been approved by Council prior to the City entering the contract, but the circumstances were such that prior Council approval was not possible, Council can approve the contract after the fact under this rule.*

### Rule 8.  Withdrawal of Motion

A motion may be withdrawn by the maker at any time before it is amended or before the Chair puts the motion to a vote, whichever occurs first.

    ***Comment:*** *This rule prohibits withdrawing motions after they have been amended. Once a motion has been amended, it is no longer the same motion as was made by the maker, so it is no longer his or hers to withdraw.*

### Rule 9.  Procedural Motions

**(a) Motions Allowed.** In addition to substantive proposals, only the following procedural motions, and no others, are permitted. Unless otherwise noted, each motion is debatable, may be amended, and requires a majority of the votes cast, a quorum being present, for adoption. Procedural motions are in order while a substantive motion is pending and at other times, except as otherwise noted.

    ***Comment:*** *The following enumeration of procedural motions is exhaustive; if a procedural option is not on the list, then it is not available. Procedural motions are frequently used to "act upon" a substantive motion by amending it, delaying consideration of it, and so forth. Several procedural motions can be entertained in succession without necessarily disposing of the previous procedural motion. The order of priority establishes which procedural motion yields to which—that is, which procedural motion may be made and considered while another one is pending.*

**(b) Order of Priority of Motions.** In order of priority (if applicable), the procedural motions are:

> ***Motion 1. To Appeal a Procedural Ruling of the Chair.*** A decision of the Chair ruling a motion in or out of order, determining whether a speaker has gone beyond reasonable standards of courtesy in his or her remarks, or entertaining and answering a question of parliamentary law or procedure may be appealed to the Council.  This appeal is in order immediately after such a decision is announced and at no other time. The member making the motion need not be recognized by the Chair and the motion, if timely made, may not be ruled out of order.

> ***Comment:*** *This motion allows the ruling of the Chair on certain procedural matters to be appealed to the whole Council. This appeal must be made as soon as the Chair's decision is announced, so this motion is accorded the highest priority.*

> ***Motion 2. To Adjourn.*** This motion may be made only at the conclusion of Council consideration of a pending substantive matter; it may not interrupt deliberation of a pending matter. A motion to or adjourn ends the current meeting to a time and place certain and establishes a specified time and place for the meeting to reconvene.

> ***Comment:*** *Since the number of members is small and procedures are available to limit debate, Motion 2 allows both debate and amendment, but specifies the motion is in order only when consideration of a pending matter has concluded. If the Council wants to adjourn before completing final action on a matter, it must, prior to adjourning, first temporarily conclude its consideration of that matter. This is done with one of three motions: to defer consideration of the matter, to postpone the matter to a certain time or day, or to refer the matter to a committee. Only as a last resort should the Council use a motion to suspend the rules, in order to allow the motion to adjourn to interrupt deliberation on the matter.*

> ***Motion 3. To Take a Brief Recess.*** This motion is made when a member wishes to take a short break during the meeting, but does not end the meeting.

> ***Comment:*** *This motion allows the Council to pause briefly in its proceedings and should not be confused with the motion to adjourn to a time and place certain, which is a form of the motion to adjourn under these rules. Motion 3 is a "motion to take a brief recess" rather than a "motion to recess" or "motion to adjourn." Since the number of Council members is small, and procedures are available to limit debate, debate is allowed on this motion. A motion to take a brief recess is in order at any time except when a motion to appeal a procedural ruling of the Chair or a motion to adjourn is pending.*

> ***Motion 4. Call to Follow the Agenda.*** This motion would require the agenda be taken in order, prohibiting the Chair from taking items out of order. The motion must be made at the first reasonable opportunity, or the right to make it is waived for the out-of-order item in question.

> ***Comment:*** *This motion may be debated. Unless the motion is made when the item of business that deviates from the agenda is proposed, the right to insist on following the agenda is waived for that item.*

***Motion 5. To Suspend the Rules.*** The Council may not suspend provisions of the rules that state requirements imposed by law on the Council. For adoption, the motion requires a vote equal to two-thirds of the actual membership of the Council, excluding vacant seats.

***Comment:*** *This motion is in order when the Council wishes to do something that it may legally do but cannot accomplish without violating its own rules. The motion permits the Council to exercise greater flexibility and perhaps informality than adhering strictly to what the rules might allow. A motion to suspend the rules requires approval by two-thirds of the actual membership of the Council to pass. Note that the Chair and members who are absent from the meeting are counted for purposes of determining two-thirds of the Council, but vacant seats are excluded in making the two-thirds determination.*

***Motion 6. To Go into Executive Session.*** The Council may go into Executive session only for one or more of the permissible purposes listed in A.R.S. §38-431.03  The motion to go into Executive Session must cite the purpose of the Executive Session and must be adopted at an open meeting.

***Comment:*** *The requirements for this motion are found in A.R.S. §38-431.03(A), which permits Executive Session only for 7 topics. Those are:*

*1. Discussion or consideration of employment, assignment, appointment, promotion, demotion, dismissal, salaries, disciplining or resignation of a public officer, appointee or employee of any public body, except that, with the exception of salary discussions, an officer, appointee or employee may demand that the discussion or consideration occur at a public meeting. The public body shall provide the officer, appointee or employee with written notice of the executive session as is appropriate but not less than twenty-four hours for the officer, appointee or employee to determine whether the discussion or consideration should occur at a public meeting.*

*2. Discussion or consideration  of records exempt  by law from  public  inspection, including the receipt and discussion of information or testimony that is specifically required to be maintained as confidential by state or federal law.*

*3. Discussion or consultation for legal advice with the attorney or attorneys of the public body.*

*4. Discussion or consultation with the attorneys of the public body in order to consider its position and instruct its attorneys regarding the public body's position regarding contracts that are the subject of negotiations, in pending or contemplated litigation or in settlement discussions conducted in order to avoid or resolve litigation.*

*5. Discussions or consultations with designated representatives of the public body in order to consider its position and instruct its representatives regarding negotiations with employee organizations regarding the salaries, salary schedules or compensation paid in the form of fringe benefits of employees of the public body.*

*6. Discussion, consultation or consideration for international and interstate negotiations or for negotiations by a city or town, or its designated representatives, with members of a tribal Council, or its designated representatives, of an Indian reservation located within or adjacent to the city or town.*

*7. Discussions or consultations with designated representatives of the public body in order to consider its position and instruct its representatives regarding negotiations for the purchase, sale or lease of real property.*

**Motion 7. To Divide a Complex Motion and Consider It by Paragraph.** The motion is in order whenever a member wishes to consider and vote on subparts of a complex motion separately.

**Comment:** *This motion is debatable.*

**Motion 8. Motion for the Previous Question.** The motion is not in order until every member has had an opportunity to speak once and there has been either at least 15 minutes of debate or debate has become repetitive.

**Comment:** *With small boards, a minimum period of debate on every proposal that comes before it strikes a superior balance between efficiency and effective representation by all Council members. Since every member will have an opportunity to speak, the debate may be ended by a majority vote. Fifteen minutes is merely a suggested minimum period of time. This rule avoids the practice followed by some boards of allowing any member to end debate by simply saying "call the question," without the Council actually taking a vote on that procedural issue. Such a practice is contrary to regular parliamentary procedures. In addition, such a practice allows individual members to impose their will unilaterally on the group, in defiance of the principle of majority rule on which these rules are based.*

**Motion 9. To Postpone to a Certain Time or Day.** If consideration of a motion has been postponed, a new motion with the same effect cannot be introduced while the postponed motion remains pending. A member who wishes to revisit the matter must either wait until the specified time, or move to suspend the rules.

**Comment:** *This motion allows the Council to postpone consideration to a specified time or day and is appropriate when more information is needed or the deliberations are likely to be lengthy. Note the restriction on making a new motion with the same effect while a postponed motion remains pending.*

**Motion 10. To Refer a Matter to a Sub-Committee.** The Council may vote to refer an item on the agenda to a sub-committee for study and recommendations. Sixty days or more after a substantive motion has been referred to a sub-committee, a member may compel consideration of the item by the entire Council, whether or not the committee has reported the matter to the Council by requesting the matter be placed back on the Council agenda.

**Comment:** *The right of the maker to compel consideration by the full Council after a specified period of time prevents using the motion as a mechanism to defeat a proposal by referring it to a subcommittee that is willing to "sit" on it.*

***Motion 11. To Amend.***

   (a) An amendment to a motion must be pertinent to the subject matter of the motion. An amendment is improper if adoption of the motion with that amendment added would have the same effect as rejection of the original motion. A proposal to substitute completely different wording for a motion or an amendment will be treated as a motion to amend.

   (b) A motion may be amended, and that amendment may be amended, but no further amendments may be made until the last-offered amendment is disposed of by a vote.

***Comment:*** *The restriction on amendments stated in subpart (a), second sentence, of the provisions concerning this motion should be read narrowly; it is intended only to prevent an amendment that merely negates the provisions of the original motion. The intent of such an amendment can be achieved in a simpler and more straightforward manner by the defeat of the original proposal. Pertinent amendments that make major substantive changes in the original motion are quite proper.*

*Some Councils allow a "substitute motion" when major changes in a motion are proposed. Such a motion is, in effect, a type of amendment. To avoid confusion, "substitute motions" are not allowed under these rules. All proposals for changes in a motion or in an amendment are treated as motions to amend, no matter how major their potential effect.*

*Subpart (b) of the rules governing this motion limits the number of proposed amendments that may be pending at one time to two, in order to reduce confusion. Amendments are voted on in reverse order; that is, the last-offered amendment, which would amend the first amendment, is voted on first. Once the last-offered of the two pending amendments is disposed of, an additional amendment may be offered.*

*Some Councils may have a practice of requiring the person making the original motion to approve of any proposed amendments to that motion. Such a practice is not recommended. Once a motion has been offered to the Council, it is up to the Council to decide whether or not it should be changed by amendment. If the person making the motion does not favor a proposed amendment, he or she is free to vote against it. And so long as the original motion has not been voted on and no amendment to it has passed, the original maker of the motion is free under these rules to withdraw it (see Rule 8). If a motion has been withdrawn, the Council members are generally free to make their own separate motions on the same subject.*

***Motion 12. To Reconsider.*** The Council may vote to reconsider its action on a matter. The motion to do so must be made by a member who voted with the prevailing side (the majority side except in the case of a tie; in that case the "nos" prevail) and no later than at the next regularly scheduled Council meeting. The motion cannot interrupt deliberation on a pending matter, but is in order at any time before final adjournment of the next regularly scheduled Council meeting.

***Comment:*** *To avoid placing a measure in limbo, these rules restrict the availability of the motion no later than the regularly scheduled meeting following the original vote. Any Motion for Reconsideration occurring at the following regularly scheduled meeting must*

*be placed on the agenda in compliance with Arizona's Open Meeting Laws. Surprise Municipal Code allows an item to be placed on an agenda by the Mayor no less than 24 hours before a meeting; a motion and second of any council member made during a future agenda item at a public meeting; or upon written request signed by two council members and submitted to the city clerk no less than five business days prior to the meeting date. In the case of a Motion to Reconsider item, each of the options above would need to be acted on by members who voted on the prevailing side.*

**USE OF CITY RESOURCES**

**Discretionary Funds:**

Each member will be allotted discretionary funds, not to exceed an amount determined by Council during the annual budget process, to be utilized for a public purpose and betterment or benefit of the  community or the Councilmember's district . Use of discretionary  funds  must be consistent with all applicable laws.

Use of discretionary funds requires the member wishing to utilize such funds to provide a Disbursement Request to the Finance Department. The City Attorney's Office will be consulted prior to expenditure to ensure compliance with all applicable laws. Funds will be released consistent with this policy.

**Expenses, Reimbursements and Stipends**

Council members are eligible to receive a City-issued cell phone or receive a monthly stipend for the business use of a personal cell phone.

Travel expenses, including mileage, reimbursements and stipends will be provided to members on the same basis as general City employees and will be approved and processed consistent with City policy.

**Uses Barred**

Consistent with State Law, no City resources, including communications media (computers, newsletters, etc.) may be used for advocacy or promotion of any issue subject to voter approval or candidate for elected office.

**Council Offices**

Council Offices are located in the northeast section of the 4th Floor of City Hall.  The Office of the Mayor will be occupied by the one elected to that office, or appointed after a vacancy consistent with City Code. All other offices will be occupied on a first-come first-serve basis. Any member can request to move into any vacant office.  If more than one member wishes to occupy a vacant office, selection of Council member offices will be based on seniority (that is the greatest number of uninterrupted days as a Surprise elected official), and then by lottery.

**PREPARATION OF THE COUNCIL AGENDA**

**Supporting Information and Attachments**

Each item on the Agenda should have supporting information and documentation for the item being considered. Necessary information includes the following, if applicable:

- Background Information: Relevant historical information, such as prior actions on the same or similar item, origin of the request, regional impact, or similar information.
- Financial Impact: actual and operational costs, revenue and other financial considerations, and whether such are one-time or ongoing.
- Budget Impact: Funding sources in the current budget (including e.g. contingency, unforeseen grants, etc.), and funding sources for future years, if applicable.
- Policy Compliant: Statement whether the action is consistent with City and Council Policy. If not, an explanation of why the item should deviate from policy. (Policy for this purpose includes normal City practice whether or not included in a written policy).
- FTE Impact: Necessary change in the number of FTE, whether the action would require a new FTE or the transfer of an FTE from another program.
- Objective Analysis: Analysis containing potential positive and negative impacts and impacts of if the item is not approved.
- Actual final documents (Resolution, Ordinance, Contracts, etc.)

**Use of Consent Agenda**

Consistent with the Council Rules of Conduct and Demeanor, and Parliamentary Rule #2, the Consent Agenda, unless otherwise required by law, should include all items previously discussed by Council for which no changes were requested by any member of Council; routine items (i.e. minor budget amendments, simple Intergovernmental Agreements, contract extensions, grant acceptances, and simple contract amendments); and items placed on the Consent Agenda at the Agenda Review.

**Draft Agenda, Agenda Review**

The Mayor (or designee) and/or the Vice Mayor (or designee), along with relevant staff selected by the City Manager, will review the Draft Agenda no fewer than 6 calendar days prior to the Council meeting. A Draft Agenda and the required "Supporting Information and Attachments" must be provided to the Mayor and Vice Mayor (or designees) no later than 24 hours prior to the Agenda Review meeting. Items may be removed that do not have sufficient information as identified in "Supporting Information and Attachments". Removed items will be placed on the agenda as soon as the "Supporting Information and Attachments" are available. The requirements of this section do not apply to emergency meetings or items placed on the agenda pursuant to Municipal Code Section 2-61(c)(1) (pertaining to items added 24 hours prior to the meeting) for which there is insufficient time to comply with this section.

**SUBCOMMITTEES & WORKING GROUPS**

Subcommittees and Working Groups formed in accordance with Surprise Municipal Code §2-40(i) will convene meetings at the direction of the subcommittee chair.  Requests for meetings may be made to the subcommittee chair through the staff liaison.

An Agenda for each subcommittee meeting will be posted by the City Clerk no less than 24 hours prior to the meeting, in conformance with the Open Meeting Law, A.R.S. §38-431.01. Subcommittee meetings will convene in a meeting room at City Hall generally accessible to the public, except that executive sessions may be held in any location at City Hall.

**IMPLEMENTATION AND ENFORCEMENT**

As an expression of the standards of conduct for members expected by the City, this Policy & Procedure Manual is intended to be self-enforcing. Members themselves have the primary responsibility to assure that standards are understood and met, and that the public can continue to have full confidence in the integrity of government. It therefore becomes most effective when members are thoroughly familiar with it and embrace its provisions. For this reason, standards will be included in the regular orientations for candidates for City Council, and newly elected members. Members entering office must sign a statement affirming they have read and understood the provisions of this City Council Policy & Procedure Manual. In addition, this manual and the Boards and Commissions Handbook will be reviewed by the City Council to consider recommendations and update it as necessary in  August of even-numbered years, or a soon thereafter as practical.

Notwithstanding the intended self-enforcing nature of these policies and procedures, the City Council, by a vote of a majority of its members, may impose sanctions on members whose conduct does not comply with the City's standards, such as reprimand, formal censure, removal from meeting (if the member's conduct is disruptive or impedes the orderly conduct of business at the meeting), or removal from any position or assignment to which the member has been appointed by the Mayor or City Council.

**REPORTING VIOLATIONS**

Members have a duty to create the image and reality of a responsive, accessible, and fair City government. Accordingly, members have a duty to report if another member has violated law or policy. Moreover, members must never attempt to use their authority or influence for the purpose of intimidating, threatening, coercing, commanding or influencing any person with the intent of interfering with that person's duty to disclose such improper activity. As a Corresponding duty, members shall refrain from making a false, misleading, or unsubstantiated report. If after review it is determined that a complaint is groundless and was made in bad faith or for the purpose of harassment, or intentionally false or otherwise malicious in nature, the complainant may be subject to sanctions under this Policy.

**COMPLAINT**

A Complaint by a member must be filed with the City Attorney on or before one-hundred eighty (180) days after the violation is alleged to have occurred or thirty (30) days after the alleged violation was discovered, whichever date is earlier. Upon receipt, the City Attorney will engage conflict counsel who will conduct an initial screening of the complaint and within fifteen (15) days recommend that the City Attorney handle the complaint as follows:

(a) Dismiss it for being incomplete, untimely, or on its face lacking factual or legal merit;
(b) Dismiss it if the complaint on its face fails to state allegations that, if true, would violate a mandatory requirement or prohibition as opposed to an aspirational or administrative provision of this Policy, City Code or any other laws;
(c) Refer alleged violations of Arizona or federal laws to an appropriate agency if the complaint states on its face allegations that, if true, would constitute a violation of Arizona or federal law;
(d) Or If the complaint states on its face allegations that, if true, would constitute a violation of a mandatory requirement or prohibition (as opposed to aspirational or administrative provisions) of the this Policy, the City Code or any other law, conflict counsel shall investigate the complaint and report to the City Council, the complainant, the member who is the subject of the complaint, and the City Attorney findings of fact and conclusions of law within sixty (60) days. The City Council shall consider the Conflict Counsel's report at a public meeting and either accept or reject the report as submitted and shall impose sanctions as it finds appropriate.

In all circumstances, the City Attorney shall follow conflict counsel's recommendation. The City Attorney's recommendation to refer a complaint for further investigation pursuant to subsection (c) and (d) above shall not raise the presumption that any of the complaint's allegations are true or that any member had violated this Policy or law. The timelines for handling complaints set forth above set the outer limits. All parties involved are strongly encouraged to make their findings, recommendations, and decisions as expeditiously as possible for the sake of the public and the City officials against whom complaints have been filed.

The City Attorney will adopt written rules of procedure to govern the review process, including the right of a member against whom the complaint has been lodged to respond to the complaint, attend any hearing, and present witnesses and other evidence on her or his own behalf.

Any complaints relating to City elections must be filed with or referred to the City Clerk for review and disposition as provided by law.

**APPENDIX**

A.  Statement of Commitment

B.  Rules for the Public at Council Meetings

Statement of Commitment

As a member of the Surprise City Council I agree to uphold the principles, policies and procedures set forth in the Surprise City Council Policy & Procedure Manual and conduct myself by the following model of behavior.  I will:

- Recognize the worth of individual members and appreciate their individual talents, perspectives and contributions;
- Help create an atmosphere of respect and civility where individual members, City staff and the public are free to express their ideas and work to their full potential;
- Conduct my personal and public affairs with honesty, integrity, fairness, and respect for others;
- Respect the dignity and privacy of individuals and organizations;
- Keep the common good as my highest purpose and focus on achieving constructive solutions for the public benefit;
- Avoid and discourage conduct that is divisive or harmful to the best interests of the City;
- Treat all people with whom I come in contact in the way I wish to be treated.

I affirm that I have read and that I understand the Surprise City Council Policy & Procedure Manual, dated this_____day of_____,_____.

_____
Mayor /Council Member for District _____

Rules for the Public at Council Meetings

1) Presence in the Council Dais Area.  During a Council meeting, members of the public are permitted within the area in front of the Council dais only at the invitation or consent of the chair for purposes of making presentations and providing information to Council.

2) Addressing Council
   a) Any member of the public desiring to address the Council may not proceed to the lectern until after being recognized by the Chair.
   b) At the lectern, the member of the public should clearly state their name, and approximate cross streets for the record.
   c) Statements will be limited to three (3) minutes per item to allow the meeting to proceed and end in a timely manner. The time limit may be extended at the option of the Chair.
   d) If several speakers desire to speak regarding a single topic, the Chair can limit the number of speakers or limit the time given to each group; however, an equal amount of time will be given to each side of an issue.
   e) Oral communications during the City Council meeting may not be used to lodge charges or complaints against any employee of the City or members of the body, regardless of whether such person is identified in the presentation by name or by any other reference that tends to identify him/her. Any such charges or complaints should be submitted during normal business hours to the City Manager for appropriate action.

3) No loud vocalization (shouting or calling out) will be permitted from the seating area of the Council Chamber.

4) Pursuant to A.R.S 38-431.01(H), at the conclusion of an open call to the public, individual councilmembers may, in their sole discretion, respond to criticism made by those who have addressed the public body or ask staff to follow-up or review the matter raised.

5) A civil decorum will be expected of all speakers. Behavior that is disruptive and prevents the City Council from accomplishing its business in a reasonably efficient and timely manner or interferes with conducting an orderly meeting or other speakers' rights is prohibited. Prohibited disruptive behavior includes, but is not limited to, threats, profanity, words likely to provoke immediate combat or speech that exceeds pre-set time limits, is unduly repetitive, or extends discussion by irrelevancies. Speakers engaged in disruptive behavior may forfeit their speaking time, or be removed from City Council chambers by direction of the Chair.