IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rebekah Massie, et al., | No. CV-24-2276-PHX-ROS (DMF) |
| Plaintiffs, | |
| v. | **ORDER** |
| City of Surprise, et al., | |
| Defendants. | |

This matter is before the Court on Plaintiffs' Motion for Leave to File Non-Electronic Exhibit Re: Complaint (Doc. 7). The motion regards "Proposed Exhibit A to the Complaint" which "is a video of the August 20, 2024, meeting of the City Council of Defendant City of Surprise" (*Id.* at 1).

In paragraph 2 of Plaintiffs' forty-three page Complaint, to which Plaintiff has attached over twenty pages of exhibits, Plaintiffs allege that the:

> [v]ideo of the arrest speaks for itself. On August 20, 2024, during the public comment portion of the Surprise City Council meeting, Massie spoke in opposition to a planned pay increase for Surprise's city attorney. But Mayor Hall interrupted her remarks, scolding her for violating a City Council policy prohibiting "complain[ing]" about public officials.

(Doc. 1 at 2) (footnote 1 paragraph 2 of the Complaint after word "arrest" states: "Video of the relevant portion of Surprise's August 20, 2024 City Council meeting is attached as Exhibit A; video of the entire meeting is on Surprise's public webpage, https://surpriseaz.portal.civicclerk.com/event/4076/media. Mayor Hall recognizes Massie

to speak at 1:57:42.").

In their pending motion (Doc. 7), Plaintiffs have provided no authority that attaching a video to a Complaint as an exhibit (instead of or in addition to describing the actions and statements which the video depicts) is authorized under the applicable rules of pleading under the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") and case law interpreting such.

Fed. R. Civ. P. 8(a) provides:

> **(a) Claim for Relief.** A pleading that states a claim for relief must contain:
>
> **(1)** a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> **(2)** a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> **(3)** a demand for the relief sought, which may include relief in the alternative or different types of relief.

*See* also Fed. R. Civ. P. 8(d)(1) (requiring that each allegation in a pleading **"**must be simple, concise, and direct"). Further, Fed. R. Civ. P. 10 governs form of pleadings. Subsections (b) & (c) of Fed. R. Civ. P. 10 state:

> **(b) Paragraphs; Separate Statements.**  A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence--and each defense other than a denial--must be stated in a separate count or defense.
>
> **(c) Adoption by Reference; Exhibits.**  A statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion.  A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.

By the plain wording of Fed. R. Civ. P. 10(c), exhibits to a pleading that are "part of the pleading for all purposes" are limited to exhibits which are a "written instrument[.]" Plaintiff has provided no legal authority supporting the proposition that a video is a written

instrument under Fed. R. Civ. P. 10(c). Moreover, it appears that videos are not written instruments under Fed. R. Civ. P. 10(c) and that case evidentiary materials are not properly attached to pleadings. *See, e.g., Allen v. Wal-Mart Stores, Inc.*, No. 19-CV-03594-KLM, 2020 WL 3000957, at *2 (D. Colo. June 3, 2020); Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1327 (2008) (providing that "exhibits containing extraneous or evidentiary material should not be attached to the pleadings").

Accordingly,

**IT IS ORDERED** denying Plaintiffs' Motion for Leave to File Non-Electronic Exhibit Re: Complaint (Doc. 7).

Dated this 6th day of September, 2024.

_____
Honorable Deborah M. Fine
United States Magistrate Judge