1
2
3
4
5
6
# IN THE UNITED STATES DISTRICT COURT
7
## FOR THE DISTRICT OF ARIZONA
8
9   Rebekah Massie,                                    No. CV-24-02276-PHX-ROS (DMF)
10              Plaintiff,                              **ORDER**
11  v.
12  City of Surprise, et al.,
13              Defendants.
14

15   **IT IS ORDERED** that a settlement conference is set for **April 8, 2025**, at **9:30 a.m.**
16  The parties must meet at the scheduled time in Courtroom 5E of the Evo A. DeConcini
17  United States Courthouse in Tucson, Arizona.

18      **IT IS FURTHER ORDERED:**
19      1.      Counsel who will be responsible for trial shall appear and participate.
20  Additionally, representatives of the parties with full and binding authority to dismiss and
21  settle the case must be present unless expressly excused for good cause.

22      2.      Prior to the conference, the parties shall negotiate and make a good faith
23  effort to settle the case. Plaintiff must deliver a written settlement demand to Defendants
24  on or before March 24, 2025. Defendants must deliver a written response to Plaintiff on or
25  before March 31, 2025.

26      3.      The parties shall each prepare a confidential settlement position statement.
27  The parties shall not file their position statements with the Clerk of Court and shall not
28  exchange their position statements with opposing counsel. The parties may include with

their position statements copies of exhibits they would like the undersigned to review. However, the parties need not include copies of any documents that are already part of the record. Instead, the parties shall direct the undersigned to the location of any such documents. On or before **April 3, 2025**, the parties must email their position statement to chambers <Aguilera_Chambers@azd.uscourts.gov>.

4.     The position statements shall not exceed 20 pages, exclusive of exhibits, which shall not exceed five in number, and shall contain the following information: a brief recitation of the facts; a discussion of the claims and issues, including rulings on relevant motions and a description of any pending or anticipated motions; whether there are any lienholders; the status of discovery, the current trial date, the anticipated length of trial, and whether it is a jury trial; a summary of settlement discussions to date; an estimate of the fees and costs incurred to date, as well as an estimate of those to be expended for further discovery, dispositive motions, and trial; a reasonable estimate of Plaintiff's alleged damages; and any other information that the parties believe would help the undersigned facilitate the conference.

5.     During the conference, the undersigned will have ex parte communications with each side. The undersigned's role will be as a facilitator, a line of communication between the parties, and if requested, an evaluator. In fulfilling these roles, the undersigned will repeat many things stated in caucus but will confirm what is or is not confidential before going into the other caucus room. While the undersigned is in the other caucus room, the parties are expected to continue developing information that will be useful in presenting their position to the other side.

6.     A successful conference will conclude with either an agreement or an avowal from the parties that although they tried their best to settle the case, it is one that must go to trial. At the conclusion of the conference, the undersigned will notify the presiding district judge whether an agreement has been reached.

7.     Federal Rule of Evidence 408 will apply to all aspects of the conference. All communications and information exchanged that is not otherwise discoverable will not be

admissible in evidence for any purpose. At the conclusion of the conference, all documents submitted by the parties will be returned, destroyed, or otherwise disposed of in the manner directed by the undersigned.

8.    In the event one or more of the parties believe that the conference would be futile, because, for example, a party or insurer has adopted a position from which they refuse to deviate, the parties shall notify the undersigned in writing at least five business days before the conference. If provided with a futility notice, the undersigned may arrange a telephonic conference with the parties. If the undersigned is not provided with a futility notice, the undersigned will presume that the parties believe there is a reasonable, good faith opportunity for settlement.

9.    Absent good cause, if any party, counsel, or representative fails to promptly appear at the conference, fails to comply with the terms of this Order, is substantially unprepared to meaningfully participate, or fails to participate in good faith, the undersigned may impose sanctions pursuant to Federal Rule of Civil Procedure 16(f).

Dated this 12th day of March, 2025.

Honorable Maria S. Aguilera
United States Magistrate Judge