**JELLISON LAW OFFICES, PLLC**
18801 North Thompson Peak Parkway
Suite D235
Scottsdale, Arizona 85255
Telephone: 480.621.6149
JAMES M. JELLISON, ESQ. (012763)
E: jim@jellisonlaw.com
E: admin@jellisonlaw.com
  *Counsel for Defendants City of Surprise, Former Mayor Skip Hall and SPD Sergeant Steven Shernicoff*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE STATE OF ARIZONA

| | |
|---|---|
| Rebekah Massie, | Case No. 2:24-CV-02276-ROS-DMF |
| Plaintiff, | **DEFENDANTS' PARTIAL MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT FOR CIVIL-RIGHTS VIOLATIONS** |
| v. | |
| City of Surprise, a municipal corporation and a governmental entity; Skip Hall, in his individual capacity; and Steven Shernicoff, in his individual capacity, | (Oral Argument Requested) |
| Defendants. | |

Pursuant to Fed.R.Civ.P. 12(b)(1)&(6), Defendants City of Surprise, a municipal corporation and a government entity; Skip Hall, former Mayor of the City of Surprise, in his individual capacity; and Surprise Police Department ("SPD") Officer Steven Shernicoff, in his individual capacity, by and through undersigned counsel, respectfully submit their Partial Motion to Dismiss based on: 1) Plaintiffs' failure to strictly comply with Arizona's Notice of Claim statute as to Defendants Hall and Shernicoff; and 2) Plaintiff's failure to state a plausible state law claim under Arizona's Open Meeting Law.

Defendants seek Hall and Shernicoff's dismissal from all state law claims (Seventh, Eighth, Ninth Claims), and the dismissal of Plaintiff's Open Meeting Law Claim (Eleventh Claim) against the City.

## I. STANDARD OF REVIEW.

The Court may dismiss a complaint for failure to state a claim under Fed.R.Civ.P 12(b)(6) for two reasons: 1) lack of a cognizable legal theory; and 2) insufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To survive a 12(b)(6) motion, a complaint must meet the requirements of Fed.R.Civ.P. 8(a)(2). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), *quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957). Although a complaint challenged for failure to state a claim does not need detailed factual allegations, the pleader's obligation to provide the grounds for relief requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Id*. (*citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1202, pp. 94, 95 (3rd ed. 2004)).

Rule 8's pleading standard demands more than "an unadorned, the-defendant unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 674 (2009) (*citing Twombly*, 550 U.S. at 555). A complaint that offers nothing more than naked assertions will not suffice. To survive a motion to dismiss, a complaint must contain sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Iqbal*, *id*. Facial plausibility exists if the pleader pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Plausibility does not equal "probability," but plausibility requires more than a sheer possibility that a defendant has acted unlawfully. *Id*. "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. (*citing Twombly*, 550 U.S. at 557).

2

"Determining whether a complaint states a plausible claim for relief [is] … a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

The absence of plausibly stated facts cannot support a plausible claim or defeat a motion to dismiss. *See, Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). The Court does not have to accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). "Conclusory allegations and unreasonable inferences . . . are insufficient to defeat a motion to dismiss." *Sanders*, 504 F.3d at 910. The plausible claim standard applies to federal and state law claims. *See, Burns v Humboldt Recovery Ctr., Inc.,* 2023 WL 4313125 (9th Cir. 2023).

## II. STATEMENT OF FACTS.

### a. General Statement of Facts[1]

This case arises from an incident occurring on August 20, 2024 during the public comment portion of a Surprise City Council meeting where Plaintiff Rebekah Massie spoke in opposition to a planned pay increase for the Surprise City Attorney. (Doc. 32, ¶¶ 67, 74-77). Each speaker is afforded 3 minutes. (Doc. 32, ¶ 41). Around two and a half minutes into Massie's remarks, Mayor Hall interrupted her, reiterating the Council rule about employee charges or complaints against City employees in Council meetings, and asking her to adhere to the rule. (Doc. 32, ¶¶ 81-84). When Massie insisted that her First Amendment rights were being violated, Mayor Hall asked her if she wanted to be escorted from the meeting. (Doc. 32, ¶¶ 85-92). When Massie did not voluntarily leave the Council Chambers, Mayor Hall instructed City of Surprise Police personnel to escort Massie out. (Doc. 32, ¶¶ 94-95). SPD Officer Shernicoff attempted to escort Ms. Massie from the meeting. (Doc. 32, ¶¶ 98-105). Shernicoff placed Ms. Massie under arrest, and cited her, for trespassing. (Doc. 32, ¶¶ 109, 116).

---

[1] The General Statement of Facts is derived from the well-pled fact allegations in Plaintiff's Second Amended Complaint which Defendants, under the Rule 12(b) standard, are required to accept as true whether they agree with them, or not.

From these general facts, Plaintiff alleges the following claims: Violation of First Amendment rights (Freedom of Speech Freedom of Petition) (First Claim – Hall; Third Claim – Shernicoff); First Amendment Retaliation (Freedom of Speech Freedom of Petition) (Second Claim – Hall; Fifth Claim – Hall); Violation of Fourth Amendment (Unlawful Seizure False Arrest or Excessive Force) (Fourth Claim – Hall and Shernicoff; Tenth Claim - Excessive Force – Shernicoff); Violation of the First, Fourth and Fourteenth Amendments (Municipal Liability under *Monell*) (Sixth Claim – Surprise); Assault (Seventh Claim – Shernicoff)[2]; Battery (Eighth Claim – Shernicoff); IIED (Ninth Claim – Shernicoff and Hall); Open Meeting Law violation (Eleventh Claim – Surprise). (Doc. 32). Of these claims, this Motion seeks relief as to Claims 7-9 and 11 only.

### b. Facts Material to Failure to Comply with Arizona's Notice of Claim Statute.

On September 3, 2024, Plaintiff filed her Complaint for Civil-Rights Violation against Defendants City of Surprise, Hall and Shernicoff arising from Plaintiff's attendance at the August 20, 2024 City Council Meeting, her exchange with Mayor Hall in which Plaintiff was trespassed, and her interactions with Surprise Police Officer Shernicoff. (Doc. 1). In the original Complaint, Plaintiff raised claims arising under federal law only. (*Id.*).

On January 17, 2025, Plaintiff filed her First Amended Complaint for Civil-Rights Violations against Defendants City of Surprise, Hall and Shernicoff arising from Plaintiff's attendance at the August 20, 2024 City Council Meeting, her exchange with Mayor Hall in which Plaintiff was trespassed, and her interactions with Surprise Police Officer Shernicoff, but this time alleging state law claims for assault against Shernicoff (Seventh Claim); battery against Shernicoff (Eighth Claim); Intentional Infliction of Emotional

---

[2] The state law claims related to assault and battery will be subject to similar defenses as the corresponding federal law claims, including the application of state law justification defenses. Additionally, Defendants do not believe the interaction in this case meets the "beyond all bounds of decency" standard for an IIED claim, and as to the Open Meeting Law claim, the meeting in question met all statutory requirements. The A.R.S. § 38-431(I) allowance for public call creates a permissive aspect to an open meeting, and does not act to install a separate obligation of the public entity.

4

Distress against Shernicoff and Hall (Ninth Claim); and an Open Meeting Law claim against the City of Surprise (Eleventh Claim). (Doc. 23). However, Plaintiff did not serve Hall with a notice of claim until January 29, 2025, and Shernicoff was not served with a notice of claim until February 13, 2025 (Doc. 32, ¶¶ 134, 135).

On April 22, 2025, Plaintiff filed her Second Amended Complaint in which she continued to allege the same state law cause of action contained in the January 17, 2025 First Amended Complaint. (Doc. 32).

### III.    LEGAL ANALYSIS

#### A.    Defendants Hall and Shernicoff Must Be Dismissed From the State Law Claims in this Action Because They Were Not Served with A Pre-Litigation Notice of Claim.

Under Arizona law, a plaintiff must file a notice of claim with a public entity and/or public employee within 180 days of the incident from which the claim arises. Ariz. Rev. Stat. § 12-821.01(A); *Crum v. Superior Court*, 186 Ariz. 351, 352 (App. 1996). The statute provides, in relevant part:

> Persons who have claims against a public entity, public school or a public employee shall file claims with the person or persons authorized to accept service for the public entity public school or public employee as set forth in the Arizona rules of civil procedure within one hundred eighty days after the cause of action accrues ... Any claim that is not filed within one hundred eighty days after the cause of action accrues is barred and no action may be maintained thereon.

Ariz. Rev. Stat. Ann. § 12-821.01(A) (emphasis added). "[A] cause of action accrues when the damaged party realizes he or she has been damaged and knows or reasonably should know the cause, source, act, event, instrumentality or condition that caused or contributed to the damage." Ariz. Rev. Stat. Ann. § 12-821.01(B).

This means that where a claimant wishes to bring suit against both a public entity and public employee, the notice of claim must be directed and served on both entity and the named public employee, or else the notice is not effective as to the individual public employee. *Crum*, 186 Ariz. at 353. "A claimant who asserts that a public employee's

5

conduct giving rise to a claim for damages was committed within the course and scope of employment must give notice of the claim to both the employee individually and to his employer." *Id.*, citing *Johnson v. Superior Court*, 158 Ariz. 507, 509 (App.1988).

The notice of claim requirements in A.R.S. § 12–821.01 serve "to allow the public entity to investigate and assess liability, to permit the possibility of settlement *prior to litigation*, and to assist the public entity in financial planning and budgeting." *Falcon ex rel. Sandoval v. Maricopa Cnty.*, 213 Ariz. 525, 527 (2006) (emphasis added); *Martineau v. Maricopa County,* 207 Ariz. 332, 335–36, ¶ 19 (App .2004); *Crum,* 186 Ariz. at 352. "If a Notice of Claim is not properly filed within the statutory time limits, a plaintiff's claim is barred by statute." *Falcon*, 213 Ariz. at 528. Indeed, in *Falcon,* the Arizona Supreme Court concluded that delivering a notice of claim to an individual member of a county board was insufficient to strictly comply with the statute because it denied "the county the opportunity to consider the claim and possibly settle it." 213 Ariz. at 528-29.

Arizona's notice of claim statute originally contained an exception for "excusable neglect," which provided claimants some flexibility in complying with the procedural requirements. In 1994, however, the Arizona Legislature amended the statute to remove the exception of "excusable neglect." A.R.S. 12-821.01; *see Simon v. Maricopa Med. Ctr.*, 225 Ariz. 55, 62 (App. 2010). Following this amendment, "actual notice and substantial compliance do not excuse failure to comply with the statutory requirements of A.R.S. 12-821.01(A)." *Falcon*, 213 Ariz. at 527. Substantial compliance is now insufficient. *Simon*, 225 Ariz. at 61-62. Post-amendment, courts have consistently required strict compliance with the notice of claim statute as a prerequisite to filing suit. *See, Simon*, *supra*.; *Chen v. Maricopa County*, 2013 WL 1045484 (D. Ariz. 2013) (noting that substantial compliance is insufficient to satisfy the requirements of A.R.S. § 12-821.01).

Here, Plaintiff did not serve a Notice of Claim on Hall or Shernicoff before filing her state law claims in the First Amended Complaint. Because of this, Plaintiff forever deprived them of the core purpose of the Notice of Claim statute – to consider, seek, and possible resolve state law claims *prior to* the filing of litigation. Serving a notice of claim

6

*after* filing a lawsuit containing state law claims, and then hoping that a second amended complaint will serve as a "band-aid" for the failure to provide Hall and Shernicoff the opportunity to resolve state law claim *prior* to litigation does not represent the kind of strict compliance with the notice of claim demanded by the Arizona Supreme Court. *See Mesa v. Ryan,* 258 Ariz. 297 (2024); *Falcon,* 213 Ariz. at 528-29.

### B.  Plaintiff Has Failed to Plausibly Allege an Open Meeting Law Claim Against the City of Surprise.

In first enacting the Open Meeting Law in 1962, the Arizona Legislature declared that: "It is the public policy of this state that proceedings in meetings of governing bodies of the state and political subdivisions thereof exist to aid in the conduct of the people's business. It is the intent of this act that their official deliberations and proceedings be conducted openly." *See,* Arizona Attorney General Handbook, Chapter 7, ¶ 7.2.2.

A.R.S. § 38-431.01(A) provides that "[a]ll meetings of any public body shall be public meetings and all persons so desiring shall be allowed to attend and listen to the deliberations and proceedings. All legal action of public bodies shall occur during a public meeting." This means that all discussions, deliberations, considerations, or consultations among a majority of the members of a public body regarding matters that may foreseeably require final action or a final decision by the governing body, constitution "legal action" and, therefore, must be conducted in a public meeting or executive session in accordance with the Open Meeting Law. *See,* Ariz. Att'y Gen. Opps. 75-8, I79-4. To facilitate this, there must be statutorily compliant notice of public meetings. *See,* A.R.S. §§ 38-431.02(C)&(G); *Carefree Improvement Ass'n v. City of Scottsdale,* 133 Ariz. 106, 111 (App. 1982).

Plaintiff's Second Amended Complaint does not question the public nature of the August 20, 2024 meeting, whether it was properly noticed and agendized, whether agendized items were publicly discussed, or whether the Council provided adequate public access to the public meeting. *See, e.g.,* A.R.S. § 38-431.01(A). Rather, Plaintiff asks this

7

Court to find that cutting short her statements during the call to the public and asking for her to be escorted out of the Council Chambers when she declined the request to cease creates a separate violation of a mandatory provision of Arizona's Open Meeting Law.

A.R.S. § 38-431.01(I), however, addresses calls to the public for comment and is permissive in its language:

> A public body *may make an open call to the public* during a public meeting, subject to reasonable time, place and manner restrictions, to allow individuals to address the public body on any issue within the jurisdiction of the public body. At the conclusion of an open call to the public, individual members of the public body may respond to criticism made by those who have addressed the public body, may ask staff to review a matter or may ask that a matter be put on a future agenda. However, members of the public body shall not discuss or take legal action on matters raised during an open call to the public unless the matters are properly noticed for discussion and legal action.

The statute does not place its own time limit on the amount of time allowed during a call to the public, and allowance for public call creates a permissive aspect to an open meeting, and does not act to install a separate obligation upon the public entity. Indeed, Arizona's Open Meeting Law does not establish a statutory right for the public to participate in the discussion, or the ultimate decision, of the public body. *See* Ariz.Att'y Gen. Op. 78-1. Moreover, technical violations and minor deviations from requirements of open meeting law, § 38-431, *et seq.*, should not render action by a public body null and void so long as there is substantial compliance. *Carefree Imp. Ass'n*., 133 Ariz. at 112.

Moreover, Plaintiff's citations to the remedies available under A.R.S. § 38-431.07(A) do not help her as they demonstrate the absence of private party relief based on her allegations. A private person may maintain a claim under the statute for "the purpose of requiring compliance with, or the prevention of violations of, this article by the public body as a whole . . . ." A.R.S. § 38-431.07(A). Plaintiff does not seek compliance, or a prevention of a violation, over a mandatory statutory requirement. Even then, Plaintiff would not be entitled to damages under the statutory scheme. The statute indicates that only claims brought by the attorney general may result in equitable relief or civil penalties against the offending public body, not claims brought by individual citizens. As to

declaratory or injunctive relief, a private individual may only seek declaratory type relief. Here, the policy Plaintiff claims to have shortened her statement during the call to the public has been rescinded, former Mayor Hall holds no position on the City Council, and Plaintiff fails to allege the specter of any similar, future harm so as to confer standing for declaratory, injunctive, or equitable. *Sears v. Hull,* 192 Ariz. 65, 69 (1998) (citing *Warth v. Seldin,* 422 U.S. 490, 501 (1975)); *Fernandez v. Takata Seat Belts, Inc.*, 210 Ariz. 138, 140 (2005).

City council meetings, once open to public participation, are limited public forums. *White v. City of Norwalk,* 900 F.2d 1421, 1425 (9th Cir. 1990). A council can regulate not only the time, place, and manner of speech in a limited public forum, but also the content of speech—as long as content-based regulations are viewpoint neutral and enforced that way. *Id.*; *see also Kindt v. Santa Monica Rent Control Bd.*, 67 F.3d 266, 270–71 (9th Cir. 1995) ("[L]imitations on speech at [city council] meetings must be reasonable and viewpoint neutral...."); *accord Steinburg v. Chesterfield Cnty. Planning Comm'n,* 527 F.3d 377, 385 (4th Cir. 2008); *Eichenlaub v. Twp. of Ind.,* 385 F.3d 274, 281 (3d Cir. 2004). A City Council meeting is still just that, a governmental process with a governmental purpose. *White,* 900 F.2d at 1425. The Council has an agenda to be addressed and dealt with. *Id.* While a speaker may not be stopped from speaking because the moderator disagrees with the viewpoint he is expressing, *see Perry Educ. Ass'n,* 460 U.S. 37, 60–61, it certainly may stop him if his speech becomes irrelevant or repetitious. *White, id.* In short, a restriction on expressive conduct in a limited forum must be "reasonable in light of the purpose served by the forum...." *DiLoreto v. Downey Unified Sch. Dist. Bd. of Educ.,* 196 F.3d 958, 965 (9th Cir.1999). *See also Preminger v. Peake,* 552 F.3d 757, 765 (9th Cir.2008). The Court permits restrictions to maintain decorum and order in a proceeding. *See Kindt,* 67 F.3d at 271. These are, of course, principles of free speech, not an open meeting.

The Arizona Open Meeting Law does not control, or dictate, on the content of speech, or the consequences of public participation becoming repetitive. It merely requires that public meetings occur in the sunshine. Here, Plaintiff alleges no claim that is plausible

pursuant to the mandatory requirements of Arizona's Open Meeting Law.

**IV.   CONCLUSION.**

For all of the foregoing reasons, Defendants Surprise, Hall, and Shernicoff respectfully request that Claims Seven, Eight, Nine, and Eleven of the Second Amended Complaint be dismissed.

RESPECTFULLY SUBMITTED this 27th day of May, 2025.

JELLISON LAW OFFICES, PLLC

s/ *James M. Jellison*
James M. Jellison, Esq.
*Counsel for Defendants City of Surprise, Skip Hall and Steven Shernicoff*

**CERTIFICATE OF FILING & SERVICE**

I hereby certify that on May 27, 2025. I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing with service on the following registrants:

Conor T. Fitzpatrick, Esq.
FOUNDATION FOR INDIVIDUAL
 RIGHTS AND EXPRESSION
700 Pennsylvania Ave. SE
Suite 340
Washington, D.C. 20003
T: (215) 717-3473
E: conor.fitzpatrick@thefire.org
  *Counsel for Plaintiff, admitted pro hac vice*

Adam B. Steinbaugh
FOUNDATION FOR INDIVIDUAL
 RIGHTS AND EXPRESSION
510 Walnut Street
Suite 900 Philadelphia, PA 19106
T: (215) 717-3473
E: adam@thefire.org
  *Counsel for Plaintiff, admitted pro hac vice*

Daniel J. Quigley
DANIEL J. QUIGLEY, P.L.C.
5425 E. Broadway Blvd., Ste. 352
Tucson, AZ 85711
E: quigley@djqplc.com
  *Counsel for Plaintiff*

By: s/ *Rebecca L. Craft*