**JELLISON LAW OFFICES, PLLC**
18801 North Thompson Peak Parkway
Suite D235
Scottsdale, Arizona 85255
Telephone: 480.621.6149
JAMES M. JELLISON, ESQ. (012763)
E: jim@jellisonlaw.com
E: admin@jellisonlaw.com
  *Counsel for Defendants City of Surprise, Former Mayor Skip Hall and SPD Sergeant Steven Shernicoff*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE STATE OF ARIZONA**

| | |
|---|---|
| Rebekah Massie,<br><br>          Plaintiff,<br><br>v.<br><br>City of Surprise, a municipal corporation and a governmental entity; Skip Hall, in his individual capacity; and Steven Shernicoff, in his individual capacity,<br><br>          Defendants. | Case No. 2:24-CV-02276-ROS-DMF<br><br>**DEFENDANTS' REPLY IN SUPPORT OF PARTIAL MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT FOR CIVIL-RIGHTS VIOLATIONS**<br><br>**(Oral Argument Requested)** |

**I.     Arizona Law Requires the Presentation of a Notice of Claim Before a Lawsuit is Ever Filed**

The question on notice of claim is this: does a plaintiff strictly comply with the Arizona notice of claim statute by serving a notice of claim against individual defendants *after* filing a lawsuit that includes state law claims. The answer is "no," and because of this, the Court must dismiss Plaintiff's state law claims in claims Seven, Eight, Nine for failure to strictly comply with the statute.

Plaintiff's response suggests that the language in *Falcon ex rel. Sandoval v. Maricopa Cnty.*, 213 Ariz. 525, 527 (2006) (emphasis added) that requires the presentation

1

of a notice of claim against a defendant *prior to* filing suit is not a requirement recognized under Arizona cases defining the statute's lawful purpose. The language in *Falcon* is not, as Plaintiff suggests, a "one-off" in Arizona jurisprudence. "Before initiating an action for damages against a public entity, a claimant must provide a notice of claim to the entity in compliance" with the notice of claim statute. *Deer Valley Unified Sch. Dist. No. 97 v. Houser*, 214 Ariz. 293, 294 (2007). The timing – notice of claim presented prior to filing suit – is not mere window-dressing. In *Houser,* the Arizona Supreme Court was clear that "[t]he statutory requirements serve several important functions: They 'allow the public entity to investigate and assess liability, ... permit the possibility of settlement *prior to litigation*, and ... assist the public entity in financial planning and budgeting.'" *Houser*, 214 Ariz. 293, 295 (2007) (emphasis added), citing *Falcon,* 213 Ariz. 527; *see also, Harris v. Cochise Health Sys.*, 215 Ariz. 344, 351 (App. 2007) (recognizing the statute's purpose outlined in *Houser,* and noting, further, that a "plaintiff's failure 'bars *any* claim' against the entity or employee); *Humphrey v. State*, 249 Ariz. 57, 65 (App. 2020) (recognizing the general statutory purpose of the notice of claim statute as adopted in *Houser*); *Crum v. Superior Ct. In & For Cnty. of Maricopa*, 186 Ariz. 351, 352 (App. 1996) ("[t]he purpose of the notice is to allow the public employee and his employer to investigate and assess their liability, to permit the possibility of settlement prior to litigation and to assist the public entity in financial planning and budgeting"); *Johnson v. Superior Ct. In & For Cnty. of Pima*, 158 Ariz. 507, 510 (App. 1988) ("any action against a public entity or public employee must be preceded by notice of the claim to each entity and each employee named in the subsequent lawsuit"). In recognizing the general purpose behind the statute as stated in *Houser,* the Arizona Supreme Court in *Backus v. State*, 220 Ariz. 101, 104 (2009) made clear that "[o]ur interpretation of the statute at issue, then, must be consistent with both the *general intent* of the claims statutes and the intent of the specific statute involved." (emphasis added). Arizona's judicial interpretation of the notice of claim statute leaves no room for doubt. "The notice of claim statute serves to give public entities [and employees] notice of a claim and thereby provides an opportunity to resolve the claim *before a lawsuit*

*is ever filed.*" *Andress v. City of Chandler*, 198 Ariz. 112, 114 (App. 2000) (emphasis added). To the extent that Plaintiff alleges that the comment to that effect in *Falcon* is an "offhand remark," she is mistaken. The Arizona Supreme Court, and the intermediate state appellate court, has routinely acknowledged that a core statutory purpose is to afford an opportunity for resolution "before a lawsuit is ever filed;" a purpose that cannot be met where a plaintiff files a lawsuit first, and presents a notice of claim only after the suit has been filed.[1] This is an established principle of Arizona law, and is far from a mere "offhand remark," or errantly recited dicta.

Here, it is undisputed that Plaintiff filed a lawsuit against former Mayor Hall and Officer Shernicoff, as individual public employees, *before* serving a notice of claim on either one of them. Plaintiff does not dispute that her January 17, 2025 First Amended Complaint against Hall and Shernicoff contains state law claims for assault, battery, and intentional infliction of emotional distress. (Doc. 23). Plaintiff also does not dispute (and even alleges) that she did not serve Hall with a notice of claim containing these state law claims until January 29, 2025, and did not serve Shernicoff with a notice of claim until February 13, 2025. (Doc. 32, ¶¶ 134, 135). Plaintiff's Response attempts to side-step her failure to strictly comply with the notice of claim statute through a number of additional arguments; none of which has merit.

First, Plaintiff cites *Mammo v. State,* 138 Ariz. 528 (App. 1983) for proposition that Arizona's notice of claim statute allows for a lawsuit to be filed "when the notice of claim procedures at still playing out." (Doc. 38, pg. 2, lls. 19-20). *Mammo,* notably, states no such holding. Moreover, the facts in *Mammo* are not the same as here. In *Mammo*, a notice of claim was served prior to the filing of a lawsuit. 138 Ariz. at 530. Indeed, the notice "specified that suit would be filed against the State if no response was received within fifteen days." *Id.* In *Mammo*, no action was taken on the claim and appellee filed suit against appellants on July 16, 1979. *Id.* That did not occur here. In this case,

---

[1] Nor can this defect be cured by an amended complaint as it will never change the fact that a lawsuit was initiate before an opportunity to assess a pre-suit claim was provided.

3

Shernicoff was sued for assault, battery, and intentional infliction of emotional distress *before* any notice of claim was presented to him. Hall was sued for intentional infliction of emotional distress *before* any notice of claim was presented to him. *Mammo* does not provide a safe-harbor for Plaintiff's failure under these circumstances.[2]

Next, Plaintiff argues that compliance with the notice of claim statute interferes with a plaintiff's ability to seek immediate injunctive or equitable relief by way of a temporary restraining order, or preliminary injunction. This is, of course, nonsense, since Arizona courts have long held that a notice of claim is not a pre-requisite for a plaintiff who seeks only declaratory relief. *Martineau v. Maricopa Cnty.*, 207 Ariz. 332, 337 (App. 2004). Similarly, and contrary to Plaintiff's assertions, strict compliance with the notice of claim statute on the basis urged by Hall and Shernicoff has no impact on a constitutional claim for injunctive relief or money damages, as a state notice of claim is not a pre-requisite to the filing of a suit under 42 U.S.C. § 1983. Finally, Plaintiff's insinuation that serving Hall and Shernicoff with a pre-suit notice of claim was impractical because Plaintiff did not have time to strictly comply with the statute is belied by the fact that on November 4, 2024, this Court granted the parties' stipulation allowing Plaintiff to file a first amended complaint by January 17, 2025 for the express purpose of giving Plaintiff time to present a notice of claim before submitting an amended complaint containing state law claims. (Doc. 21). As to Hall and Shernicoff, Plaintiff failed to present either of them with a notice of claim between November 4, 2024 and January 17, 2025.[3]

---

[2] Additionally, *Mammo* was decided in 1983, a time when the notice of claim requirements could be met with "substantial compliance." Those days are over. As of 1994, strict compliance is the required standard. A.R.S. 12-821.01; *see Simon v. Maricopa Med. Ctr.*, 225 Ariz. 55, 62 (App. 2010). Substantial compliance is now insufficient. *Simon*, 225 Ariz. at 61-62.

[3] Plaintiff's Response does not assert that she even tried to file, present, or serve a notice of claim on Hall or Shernicoff prior to January 17, 2025. This is because she didn't. Although Plaintiff created a notice of claim against the City dated November 13, 2024, the notices of claim as to Hall and Shernicoff post-dated the January 17, 2025 filing of the First Amended Complaint.

Finally, Plaintiff spends a considerable amount of time arguing that the statutory language of A.R.S. § 12-821.01 does not contain language requiring a notice of claim to be presented *before* a lawsuit containing state law claims is filed. (Doc. 38, pg. 6, ll. 19 – pg. 11, ll. 19). Plaintiff makes various arguments including the absence of specific statutory language containing such a requirement, or that Defendants are only positing a "theory" in reliance on errant language contained in the *Falcon* decision, or that a second amended complaint cures the problem, even if there was a failure to present a notice of claim "before a lawsuit is ever filed." *Id.* As described more fully above, the language in *Falcon* is not errant but is, in fact, a statement of the statute's purpose as expressed by the Arizona Supreme Court, and Arizona Court of Appeals – that a lawsuit *must be* preceded by a presented, filed, or served notice of claim. *See, Backus v. State*, 220 Ariz. 101, 104 (2009); *Deer Valley Unified Sch. Dist. No. 97 v. Houser*, 214 Ariz. 293, 294 (2007); *Harris v. Cochise Health Sys.*, 215 Ariz. 344, 351 (App. 2007); *Crum v. Superior Ct. In & For Cnty. of Maricopa*, 186 Ariz. 351, 352 (App. 1996); *Johnson v. Superior Ct. In & For Cnty. of Pima*, 158 Ariz. 507, 510 (App. 1988); *Andress v. City of Chandler*, 198 Ariz. 112, 114 (App. 2000).

Because the principle relied on by Hall and Shernicoff is sufficiently, and repeatedly, expressed by the Arizona courts, this Court may not accept Plaintiff's invitation to create a new "federal common law" on the issue of state law notice of claim. In federal diversity cases, federal law incorporates "the law that would be applied by state courts in the State in which the federal diversity court sits." *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508 (2001); *Erie R. Co. v. Tompkins*, 304 U.S. 64, 79 (1938). "*Erie* applies irrespective of whether the source of subject matter jurisdiction is diversity or federal question." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102 (9th Cir. 2003). The question raised by Defendants has already been decided under Arizona law, and is outcome-determinative on the state law claims against Hall and Shernicoff. This Court may not re-invent, as Plaintiff suggests, a new interpretation of the core statutory purpose of the Arizona notice of claim statute that differs from what Arizona's Supreme Court, and

Appellate Courts, have already held.

Here, because 1) a notice of claim is required to be presented *before* a lawsuit is filed, and 2) Plaintiff had the opportunity to provide notices of claim to Hall and Shernicoff before filing a lawsuit containing state law claims, but failed to do so, and 3) the failure in strict compliance ran afoul of a well-established notice of claim requirement, the state law claims against Hall and Shernicoff (Counts 7-9) must be dismissed with prejudice.

**II.     Plaintiff Has Failed to Plausibly Allege an Open Meeting Law Claim Against the City of Surprise.**

In their Partial Motion to Dismiss Plaintiff's Second Amended Complaint, Defendants note that Plaintiff does not question the public nature of the August 20, 2024 meeting, whether it was properly noticed and agendized, whether agendized items were publicly discussed, or whether the Council provided adequate public access to the public meeting.  *See, e.g.,* A.R.S. § 38-431.01(A).  Plaintiff OML claim, rather, focuses on whether the statute is violated by the Council cutting short (by about 30-35 seconds) her statements during the call to the public, and asking for her to be escorted out of the Council Chambers when she declined the request to stop talking, creates a separate violation of a mandatory provision of Arizona's Open Meeting Laws.

A.R.S. § 38-431.01(I), however, addresses calls to the public for comment and is permissive in its language:

> A public body *may make an open call to the public* during a public meeting, subject to reasonable time, place and manner restrictions, to allow individuals to address the public body on any issue within the jurisdiction of the public body. At the conclusion of an open call to the public, individual members of the public body may respond to criticism made by those who have addressed the public body, may ask staff to review a matter or may ask that a matter be put on a future agenda. However, members of the public body shall not discuss or take legal action on matters raised during an open call to the public unless the matters are properly noticed for discussion and legal action.

The statute does not place its own time limit on the amount of time allowed during a call to the public, and allowance for public call creates a permissive aspect to an open meeting, and does not act to install a separate obligation upon the public entity.  Arizona's

Open Meeting Law does not establish a statutory right for the public to participate in the discussion, or the ultimate decision, of the public body. *See* Ariz.Att'y Gen. Op. 78-1. Moreover, technical violations and minor deviations from requirements of open meeting law, § 38-431, *et seq.*, should not render action by a public body null and void so long as there is substantial compliance. *Carefree Imp. Ass'n.*, 133 Ariz. 106, 112 (App. 1982).

Plaintiff's Response does not deny any of the above. Instead, Plaintiff first claims that Arizona's OML requirements should be interpreted as providing concomitant First Amendment protections. (Doc. 38, pgs. 12-14). Plaintiff provides no authority for the proposition that an alleged First Amendment violation is equivalent to *any* statutory OML violation; and it is clear that Plaintiff asserts separate First Amendment claims that are not subject to Defendants' pending Partial Motion to Dismiss. Plaintiff does not cite to any independent OML violation, or any authority that ending a call to the public comment 30-35 seconds short of the 3-minute time limit constitutes a violation of Arizona's OML statutes, whether the claim is for money damages or injunctive relief.

In the absence of any showing of a violation of Arizona's OML, Plaintiff moves on to the remedy portion of the City's Motion, arguing that he claim for declaratory relief under the OML remains alive. This, of course, ignores the absence of a plausibly stated OML claim. Nonetheless, Plaintiff maintains she may yet seek declaratory relief. A private person may maintain a claim under the statute for "the purpose of requiring compliance with, or the prevention of violations of, this article by the public body as a whole . . . ." A.R.S. § 38-431.07(A). Plaintiff does not identify what compliance she seeks, or prevention of a violation, in regard to a mandatory OML statutory requirement. In this case, however, Plaintiff only alleges that enforcement of a Council policy led to her comments being cut-off. Here, the policy Plaintiff claims to have shortened her statement during the call to the public has been rescinded, former Mayor Hall holds no position on the City Council, and Plaintiff fails to allege the specter of any similar, future harm so as to confer standing for declaratory, injunctive, or equitable. *Sears v. Hull,* 192 Ariz. 65, 69 (1998) (citing *Warth v. Seldin,* 422 U.S. 490, 501 (1975));

*Fernandez v. Takata Seat Belts, Inc.*, 210 Ariz. 138, 140 (2005).  Moreover, the OML does not prohibit rules that limit or regulate the time, place, and manner of speech in a limited public forum, or the content of speech.  *White v. City of Norwalk,* 900 F.2d 1421, 1425 (9th Cir. 1990).; *see also Kindt v. Santa Monica Rent Control Bd.*, 67 F.3d 266, 270–71 (9th Cir. 1995) ("[L]imitations on speech at [city council] meetings must be reasonable and viewpoint neutral...."); *accord Steinburg v. Chesterfield Cnty. Planning Comm'n,* 527 F.3d 377, 385 (4th Cir. 2008); *Eichenlaub v. Twp. of Ind.,* 385 F.3d 274, 281 (3d Cir. 2004). Indeed, Arizona's OMLs do not provide a right to speech at all.

    The Arizona Open Meeting Law does not control, or dictate, the content of acceptable speech, or the consequences of public participation becoming repetitive.  It merely requires that public meetings occur in the open.  Here, Plaintiff alleges no claim that is plausible pursuant to the mandatory requirements of Arizona's Open Meeting Law's statutory provisions, or demonstrates a cognizable remedy plausibly supported by fact.

### III.   Conclusion

    For all of the foregoing reasons, and those contained in Defendants Surprise, Hall, and Shernicoff's Partial Motion to Dismiss, the Defendants respectfully request that Claims Seven, Eight, Nine, and Eleven of the Second Amended Complaint be dismissed.

    RESPECTFULLY SUBMITTED this 1st day of July, 2025.

JELLISON LAW OFFICES, PLLC

s/ *James M. Jellison*
   James M. Jellison, Esq.
   *Counsel for Defendants City of Surprise, Skip Hall and Steven Shernicoff*

# **CERTIFICATE OF FILING & SERVICE**

I hereby certify that on July 1, 2025. I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing with service on the following registrants:

Conor T. Fitzpatrick, Esq.
FOUNDATION FOR INDIVIDUAL
 RIGHTS AND EXPRESSION
700 Pennsylvania Ave. SE
Suite 340
Washington, D.C. 20003
T: (215) 717-3473
E: conor.fitzpatrick@thefire.org
  *Counsel for Plaintiff, admitted pro hac vice*

Adam B. Steinbaugh
FOUNDATION FOR INDIVIDUAL
 RIGHTS AND EXPRESSION
510 Walnut Street
Suite 900 Philadelphia, PA 19106
T: (215) 717-3473
E: adam@thefire.org
  *Counsel for Plaintiff, admitted pro hac vice*

Daniel J. Quigley
DANIEL J. QUIGLEY, P.L.C.
5425 E. Broadway Blvd., Ste. 352
Tucson, AZ 85711
E: quigley@djqplc.com
  *Counsel for Plaintiff*

By: s/ *Rebecca L. Craft*