# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rebekah Massie, et al., | No. CV-24-02276-PHX-ROS (DMF) |
| Plaintiffs, | **ORDER** |
| v. | |
| City of Surprise, et al., | |
| Defendants. | |

Plaintiff Rebekah Massie, who is represented by counsel, brought this action pursuant to 42 U.S.C. § 1983 and Arizona state law. (Doc. 32.) Defendants move to partially dismiss Plaintiff's Second Amended Complaint. (Doc. 34.)[1]

## I.  Second Amended Complaint

In her Second Amended Complaint, Plaintiff relevantly alleges as follows.

Plaintiff is a resident of Surprise, Arizona and frequently attends Surprise City Council meetings to share her opinions on city affairs. (Doc. 32 at 4.) Plaintiff is a vocal critic of the government of the City of Surprise and operates a nonprofit that runs a website that is frequently critical of the City of Surprise government, including Defendant former City of Surprise Mayor Skip Hall. (*Id.* at 10.) She also is critical of the government of Defendant City of Surprise in media appearances. (*Id.*)

On August 6, 2024, Plaintiff spoke at a Surprise City Council meeting twice and former Mayor Hall exhibited visible distaste at her remarks. (*Id.* at 11-12.)

---

[1] The Court resolves the Motion without oral argument. *See* LRCiv 7.2(f).

On August 20, 2024, during the public comment portion of the Surprise City Council meeting, Plaintiff spoke in opposition to a planned pay increase for Surprise's City Attorney. (Doc. 32 at 2.) Defendant Hall[2] interrupted Plaintiff's remarks and scolded her for violating a City Council policy prohibiting "complain[ing]" about public officials. (*Id.*) The policy prohibits remarks leveling "charges or complaints against any employee of the City or members of the body." (*Id.* at 5.) Although the policy prohibited criticism, praise and neutral speech were welcome. (*Id.* at 9.)

When Plaintiff stated the First Amendment protected her comments, Mayor Hall responded, "Do you want to be escorted out of here or are you going to stop talking?," but Plaintiff asked to finish her remarks. (*Id.* at 2.)

Mayor Hall then instructed the Surprise Police Department to detain Plaintiff and eject her from the room. (*Id.*) Defendant Steven Shernicoff, a City of Surprise police officer, carried out Hall's order, detaining and then arresting Plaintiff in the City Council chamber for criminal trespass in the third degree in violation of Arizona Revised Statutes § 13-1502(A)(1). (*Id.* at 2-3.) Shernicoff grabbed Plaintiff's arms and placed them behind her back, forcibly removed her from the chamber, forced her against a wall, forced her to the ground, and placed her in handcuffs. (*Id.* at 16-17.) Plaintiff sustained bruises and injuries to her wrists, arms, legs, back, and neck. (*Id.* at 17.) Plaintiff's 10-year-old daughter, who was with her at the meeting, was left in the City Council chamber, and Shernicoff refused to permit her to make a phone call or otherwise attempt to locate her daughter. (*Id.* at 17.)

Plaintiff was taken to a detention facility and searched by an unidentified officer. (*Id.*)

The Maricopa County Justice Court dismissed the criminal charges against Plaintiff with prejudice, calling the City's actions "objectively outrageous," a violation of free speech, and without probable cause. (*Id.* at 4, 18.) The City of Surprise withdrew its

---

[2] The Surprise Mayor is the presiding officer of the City Council and its meetings. (Doc. 32 at 5.)

policy, without comment, only after Plaintiff filed this lawsuit and moved for a preliminary injunction.  (*Id.*)

A week after the arrest, City of Surprise Chief of Police Piña appeared in a video statement shared with the City of Surprise Police Department's officers and staff.  (*Id.* at 19.)  In his video, Chief Piña remarked that "everybody in the world" was criticizing the department, but said the department's conduct was "in alignment with what our policy is and what our philosophy is, which is to take the next steps to make certain that we are in a position of power to show that we, and specifically Officer Shernicoff, acted with absolute speed to carry out the mission as directed that evening." (*Id.*)  Chief Piña stated that Officer Shernicoff "has our support as an executive team, my support as police chief, and that goes all the way up to our city management."

In Count One, Plaintiff alleges a First Amendment claim against Defendant Hall for enforcing the Surprise City Council's policy based on viewpoint and content discrimination.  In Count Two, Plaintiff alleges a First Amendment retaliation claim against Defendant Hall for ordering her arrest in retaliation for her exercising her right to criticize public officers during the public comment period of a city council meeting and/or in retaliation for her previous criticisms of Defendant Hall and other government employees.  In Count Three, Plaintiff alleges a First Amendment claim against Defendant Shernicoff for arresting and detaining her for nondisruptive political remarks made within her allotted time during the public comment section of the City Council meeting.  In Count Four, Plaintiff alleges a Fourth Amendment false arrest claim against Defendants Hall and Shernicoff for arresting her for her speech without probable cause.  In Count Five, Plaintiff alleges a claim of retaliatory arrest against Defendant Hall for Hall directing Shernicoff to arrest Plaintiff in retaliation for the exercise of her First Amendment right to criticize City of Surprise public officials.  In Count Six, Plaintiff alleges a *Monell* claim against the City of Surprise for enacting the policy that resulted in Plaintiff's arrest for the exercise of her First Amendment rights.  In Count Seven, Plaintiff alleges a state-law claim of assault against Defendant Shernicoff for acting with intent to cause harmful and offensive contact

with Plaintiff's person when he detained and arrested her.  In Count Eight, Plaintiff alleges a state-law claim of battery against Defendant Shernicoff when he caused harmful and offensive contact with Plaintiff during her arrest.  In Count Nine, Plaintiff alleges a state-law claim of intentional infliction of emotional distress against Defendants Shernicoff and Hall based on Shernicoff's and Hall's conduct in detaining and arresting Plaintiff, using force to remove Plaintiff from a public meeting, using force against Plaintiff in front of her minor daughter, and preventing Plaintiff from calling or otherwise locating her daughter while in police custody, which was so extreme and outrageous as to go beyond all possible bounds of decency, and was such that it can be considered atrocious and utterly intolerable in a civilized community.  In Count Ten, Plaintiff alleges a Fourth Amendment excessive force claim against Defendant Shernicoff for using unnecessary force during Plaintiff's arrest.  In Count Eleven, Plaintiff alleges a state-law violation of Arizona's Open Meeting Law, Arizona Revised Statutes § 38-431, against the City of Surprise for enacting the policy and enforcing it against Plaintiff.  Plaintiff seeks declaratory relief as to Count Eleven to require "compliance with, or the prevention of violations of," the Open Meeting Law and "to determine the applicability of" the Open Meeting Law "to matters or legal actions of" Defendants.

## II.     Legal Standard

Dismissal of a complaint, or any claim within it, for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) may be based on either a "'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys.*, *LP*, 534 F.3d 1116, 1121-22 (9th Cir. 2008) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).  In determining whether a complaint states a claim under this standard, the allegations in the complaint are taken as true and the pleadings are construed in the light most favorable to the nonmovant.  *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 900 (9th Cir. 2007).  A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  To survive a motion to dismiss, a complaint

must state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

**III.    Discussion**

    **A.    Notice of Claim**

Defendants assert that the state-law claims in Counts Seven, Eight, and Nine must be dismissed because Plaintiff did not serve a Notice of Claim on Hall or Shernicoff before filing her state law claims in the First Amended Complaint, and serving a notice of claim after filing a lawsuit defeats the purposes of Arizona's Notice of Claim statute.

In Response, Plaintiff asserts that it is undisputed that she served a timely notice of claim within 180 days of her arrest and that the Notice of Claim contained the requisite information about her claims and a settlement offer. Plaintiff asserts that she was not required to file a lawsuit until after serving the Notice of Claim, but rather Arizona allows the commencement of claims even when the notice of claim procedures are still playing out.

On September 3, 2024, Plaintiff filed this action solely alleging violations of federal law. On November 13, 2024, Plaintiff filed a Notice of Claim with the City, sharing a description of her claims and a settlement offer. Plaintiff filed her First Amended Complaint on January 17, 2025 and added state law tort claims against Defendants Shernicoff and Hall. Plaintiff served Notices of Claim on Defendant Hall on January 19, 2025 and on Defendant Shernicoff on February 13, 2025. Plaintiff filed her Second Amended Complaint on April 22, 2025.[3]

> Persons who have claims against a public entity, public school or a public employee shall file claims with the person or persons authorized to accept service for the public entity, public school or public employee as set forth in the Arizona rules of civil procedure within one hundred eighty days after the

---

[3] Although Plaintiff served the City with a timely Notice of Claim, Plaintiff does not allege vicarious liability state law claims against the City in the Second Amended Complaint.

>cause of action accrues. The claim shall contain facts sufficient to permit the public entity, public school or public employee to understand the basis on which liability is claimed. The claim shall also contain a specific amount for which the claim can be settled and the facts supporting that amount. Any claim that is not filed within one hundred eighty days after the cause of action accrues is barred and no action may be maintained thereon.

Ariz. Rev. Stat. Ann. § 12-821.01. "The purpose of the notice is to allow the public employee and his employer to investigate and assess their liability, to permit the possibility of settlement ***prior to litigation*** and to assist the public entity in financial planning and budgeting." *See, e.g.*, *Crum v. Superior Ct. In & For Cnty. of Maricopa*, 922 P.2d 316, 317 (Ariz. Ct. App. 1996) (emphasis added).

While Arizona Revised Statutes § 12-821.01(A) contains no explicit requirement that a Notice of Claim be served before a lawsuit is filed, Arizona courts, including the Arizona Supreme Court, have repeatedly stated that a notice of claim must be filed *before* suing for damages. *See, .e.g.*, *Falcon ex rel. Sandoval v. Maricopa Cnty.*, 144 P.3d 1254, 1255 (Ariz. 2006); *Backus v. State*, 220 Ariz. 101, 103, 203 P.3d 499, 501 (2009) ("Before suing a public entity, a claimant must file a notice of claim in compliance with Arizona Revised Statutes (A.R.S.) section 12–821.01.A (2003)."); *Deer Valley Unified Sch. Dist. No. 97 v. Houser*, 214 Ariz. 293, 294, 152 P.3d 490, 491 (2007) ("Before initiating an action for damages against a public entity, a claimant must provide a notice of claim to the entity in compliance with Arizona Revised Statutes (A.R.S.) section 12–821.01 (2003)."); *Haizlip v. City of Scottsdale*, No. 1 CA-CV 09-0163, 2010 WL 364168, at *1 (Ariz. Ct. App. Feb. 2, 2010) ("Before suing a public entity or a public employee for damages, a plaintiff must file a notice of claim "with the person or persons authorized to accept service for the public entity or public employee as set forth in the Arizona rules of civil procedure within one hundred eighty days after the cause of action accrues.").

Plaintiff sets forth various policy reasons why a claimant should be permitted to file a Notice of Claim *after* a lawsuit is filed, but this Court is bound by the decisions of the Arizona Supreme Court when deciding an issue of Arizona state law. *See, e.g.*, *In re Kirkland*, 915 F.2d 1236, 1238 (9th Cir. 1990) (When state law provides the rule of

1    decision, "a federal court is bound by the decision of the highest state court."). Plaintiff's
2    best argument that this rule should not apply is the Arizona Court of Appeals' reasoning in
3    *Boyd v. State*, 540 P.3d 1228, 1234–35 (Ariz. Ct. App. 2023), that the Arizona Supreme
4    Court would not require a Plaintiff to wait 60 days after serving a notice of claim to file a
5    lawsuit. But, even in *Boyd*, the Arizona Court of Appeals stated the Plaintiff's "only
6    obligation to meet § 12-821.01(A)'s filing requirements was to file his notice of claim
7    *before* filing his complaint." 540 P.3d at 1233 (emphasis added). Accordingly, because
8    Plaintiff failed to fully comply with Arizona Revised Statutes § 12-821.01, her state law
9    claims against Defendants Hall and Shernicoff must be dismissed.

10              **B.     Open Meeting Law**

11          Defendants assert that Plaintiff's claim against the City in Count Eleven should be
12   dismissed because Arizona's Open Meeting Law does not establish a statutory right for the
13   public to participate in the discussion, or the ultimate decision, of the public body, technical
14   violations and minor deviations from requirements of the open meeting law should not
15   render action by a public body null and void so long as there is substantial compliance,
16   Plaintiff cannot assert a private cause of action unless she seeks to enforce a mandatory
17   statutory requirement, Plaintiff is not entitled to damages under the statutory scheme, and
18   only claims brought by the attorney general may result in equitable relief or civil penalties
19   against the offending public body, not claims brought by individual citizens. Defendants
20   assert that Plaintiff is not entitled to declaratory or injunctive relief because the policy
21   Plaintiff challenges has been rescinded and the former Mayor holds no position on the City
22   Council, and Plaintiff therefore lacks standing for declaratory, injunctive, or equitable
23   relief.

24          In Response, Plaintiff asserts that she alleged that Defendants violated Arizona's
25   Open Meeting Law in three distinct ways, allowing her to seek declaratory and injunctive
26   relief along with statutory attorney fees. Plaintiff asserts that the Open Meeting Law
27   expressly limits the regulations a public body may impose on public comments, allowing
28   only "reasonable time, place and manner restrictions." Plaintiff asserts that she plausibly

alleged that the City of Surprise violated the Open Meeting Law by (1) maintaining a viewpoint-discriminatory policy that exceeded its authority to impose time, place, or manner restrictions on "call-to-the public" segments; (2) enforcing that policy against Plaintiff to silence her remarks; and (3) removing her from a public meeting, thereby preventing her from exercising her right to "attend and listen to" the proceedings. Plaintiff asserts that these claims are not mooted by the voluntary cessation of the policy. Plaintiff asserts that the open meeting law expressly provides that "any person affected by an alleged violation" of the open meeting law may seek a "determin[ation]" about the "applicability" of the open meeting law to the "actions of [a] public body."

> A public body may make an open call to the public during a public meeting, subject to reasonable time, place and manner restrictions, to allow individuals to address the public body on any issue within the jurisdiction of the public body. At the conclusion of an open call to the public, individual members of the public body may respond to criticism made by those who have addressed the public body, may ask staff to review a matter or may ask that a matter be put on a future agenda. However, members of the public body shall not discuss or take legal action on matters raised during an open call to the public unless the matters are properly noticed for discussion and legal action.

Ariz. Rev. Stat. Ann. § 38-431.01(I).

> Any person affected by an alleged violation of this article, the attorney general or the county attorney for the county in which an alleged violation of this article occurred may commence a suit in the superior court in the county in which the public body ordinarily meets, for the purpose of requiring compliance with, or the prevention of violations of, this article, by the public body as a whole, or to determine the applicability of this article to matters or legal actions of the public body.

Ariz. Rev. Stat. Ann. § 38-431.07(A).

Here, Plaintiff alleges that during an open call to the public, she was not permitted to speak pursuant to reasonable time, place and manner restrictions. Defendants argue that the open call to the public is permissive. While this is true, the statute is clear that if an open call to the public is held, it must be subject to reasonable time, place, and manner restrictions. Plaintiff alleges facts showing that she was not permitted to address the public body subject to reasonable time, place, and manner restrictions. Moreover, Defendants' argument that Plaintiff cannot sue based on this violation is contravened by the plain

1  language of § 38-431.07(A) allowing any person affected by an alleged violation of the
2  public meeting law to commence a suit for the purpose of requiring compliance with, or
3  the prevention of violations of the public meeting law by the public body as a whole, or to
4  determine the applicability of the public meeting law to matters or legal actions of the
5  public body.  Defendants' argument that violations of Arizona's Open Meeting Law may
6  be duplicative of Plaintiff's First Amendment claims are without import as there is no
7  requirement that claims be entirely separate in order to state a claim.

Defendants' argument that Plaintiff's claim is moot because the policy under which Plaintiff was not permitted to speak has been rescinded is premature and does not address the necessary requirements for determining whether a claim is mooted by the voluntary cessation of a policy.  *See, e.g.*, *Rosebrock v. Mathis*, 745 F.3d 963, 971 (9th Cir. 2014) (while it is presumed that " a government entity is acting in good faith when it changes its policy, . . . when the Government asserts mootness based on such a change it still must bear the heavy burden of showing that the challenged conduct cannot be reasonably be expected to start up again."  A court should not find mootness "where the new policy could be easily abandoned or altered in the future.") (internal citation omitted).

Accordingly, Plaintiff states a claim upon which relief may be granted in Count Eleven, and Defendants' Motion to Dismiss that claim will be denied.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is **WITHDRAWN** as to Defendants' Partial Motion to Dismiss Plaintiff's Second Amended Complaint for Civil Rights Violations (Doc. 34).

(2) Defendants' Partial Motion to Dismiss Plaintiff's Second Amended Complaint for Civil Rights Violations (Doc. 34) is **GRANTED IN PART** and **DENIED IN PART** as follows:

    (a) The Motion is **GRANTED** as to Defendants Hall and Shernicoff, and Defendants Hall and Shernicoff are dismissed with prejudice[4] from

---

[4] Arizona Courts consider a procedural dismissal for failure to comply with Arizona's

- 9 -

Counts Seven, Eighth, and Nine for failure to comply with Arizona Revised Statutes section § 12-821.01(A); Counts Seven, Eight, and Nine are otherwise dismissed without prejudice.

    (b)    The Motion is otherwise **DENIED**.

Dated this 6th day of January, 2026.

                           Honorable Roslyn O. Silver
                           Senior United States District Judge

---

Notice of Claim statute to be "with prejudice." *See Banner Univ. Med. Ctr. Tucson Campus, LLC v. Gordon*, 502 P.3d 30, 31 (2022).