**JELLISON LAW OFFICES, PLLC**
18801 North Thompson Peak Parkway
Suite D235
Scottsdale, AZ 85255
Telephone: (480) 659-4233
E-mail: jim@jellisonlaw.com
JAMES M. JELLISON, ESQ.  #012763
*Attorneys for Defendants City of Surprise, Skip Hall and Steven Shernicoff*

### UNITED STATES DISTRICT COURT
### DISTRICT OF ARIZONA

| | |
|---|---|
| Rebekah Massie,<br><br>Plaintiff,<br><br>vs.<br><br>City of Surprise, a municipal corporation and a governmental entity; Skip Hall, in his individual capacity; and Steven Shernicoff, in his individual capacity,<br><br>Defendants. | Case No.: 2:24-cv-02276-ROS-DMF<br><br>**DEFENDANTS' ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT FOR CIVIL RIGHTS VIOLATIONS**<br><br>**(Jury Trial Demanded)** |

Defendants, by and through undersigned counsel, hereby submit their answers to Plaintiffs' Second Amended Complaint for Civil Rights Violations (the "Complaint," Doc. 32), as follows:

1. Defendants admit the allegations contained in the following paragraphs of Plaintiff's Complaint: **15, 27, 28, 32, 33, 34, 39, 102, 103, 108, 116, and 224.**

2. Defendants deny the allegations contained in the following paragraphs of Plaintiff's Complaint: **1, 4, 5, 7, 8, 9, 14, 16, 42, 44, 98, 106, 107, 110, 112, 113, 114, 115, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 156, 157, 158, 167,**

**169, 170, 176, 177, 178, 179(a)-(e), 183, 184, 185, 186, 187, 188, 189, 191, 193, 194, 195, 196, 202, 203, 204, 205, 208, 209, 210, 213, 214, 216, 217, 221, 222, 223, 226, 227, 229, 253, 254, 255, 256, 261, 262, 263, 264, 265, 266, 267, 269, 270, and 271.**

3. Defendants are without sufficient information to admit or deny the allegations in the following paragraphs of Plaintiff's Complaint, and therefore, deny the allegations: **10, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 79, 80, 101, 111, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 215, and 268.** To the extent the allegations are deemed factual, they are denied. To the extent the allegations are legal conclusions, and not statements of fact, such conclusions are subject to neither admission nor denial.

4. Defendants contend the allegations contained in the following paragraphs of Plaintiff's Complaint are legal conclusions, and not statements of fact, and therefore are subject to neither admission nor denial: **6, 12, 17, 18, 20, 21, 22, 23, 24, 25, 26, 29, 30, 31, 38, 40, 69, 79, 133, 150, 151, 152, 153, 154, 155, 159, 160, 161, 162, 163, 164, 165, 166, 168, 171, 172, 173, 174, 175, 179, 181, 182, 192, 198, 199, 200, 201, 206, 207, 212, 219, 220, 225, 228, 258, 259, and 260.** To the extent the allegations are deemed factual, they are denied. Notwithstanding the responses to the allegations in paragraphs **23, 24, 25, and 26**, Defendants admit that jurisdiction and venue are proper in this Court, the this Court has pendent jurisdiction over non-dismissed Count Eleven, and that this matter is a Phoenix Precinct Division case.

5. Defendants contend the allegations contained in the following paragraphs of Plaintiff's Complaint are based on claims that have been dismissed and are, therefore, subject to neither admission nor denial: **230, 231, 232, 233, 234, 235, 236, 237, 238, 239,**

**240, 241, 242, 243, 244, 245, 246, 247, 248, 249, 250, and 252.** To the extent the allegations are deemed factual and are intended to support liability or damages as to non-dismissed claims, they are denied. To the extent the allegations are legal conclusions, and not statements of fact, such conclusions are subject to neither admission nor denial.

6.     As to the allegations contained in the following paragraphs of Plaintiff's Complaint, they are based on documents, audio, or video recordings as alleged in the Complaint, and for which Defendants admit only that the entirety of each alleged document, audio, or video speaks for itself: **35, 36, 37, 38, 41, 43, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 100, 102, 103, 104, 105, 109, and 132**.

7.     As to the allegations contained in paragraph **2** of Plaintiff's Complaint, Defendants admit there is video of the subject public meeting that speaks for itself, but was only referred to in part in the Complaint, that Massie spoke in opposition to a pay increase for the Surprise's City Attorney, and that then-Mayor Hall interrupted her remarks to enforce a meeting policy involving City employee issues, and deny the remaining allegation contained in paragraph **2**. In addition, Defendants assert, as stated in paragraph 6 herein, the entirety of alleged documents, audio, or video speak for themselves.

8.     As to the allegations contained in paragraph **3** of Plaintiff's Complaint, Defendants admit there is video of the subject public meeting that speaks for itself, but was only referred to in part in the Complaint, that then-Mayor Hall requested that Massie cease speaking, and that she depart the podium or risk removal from the proceedings, and deny the remaining allegation contained in paragraph **3**. In addition, Defendants assert, as stated

in paragraph 6 herein, the entirety of alleged documents, audio, or video speak for themselves.

9. As to the allegations contained in paragraph **11** of Plaintiff's Complaint, Defendants admit that the policy was withdrawn after Plaintiff filed a request for preliminary injunction, but affirmatively allege that there was neither a hearing nor ruling on Plaintiff's request for preliminary injunction, and that the withdrawal of the policy was not caused by a complaint or request for preliminary injunction by Plaintiff.

10. As to the allegations contained in paragraph **13** of Plaintiff's Complaint, Defendants are without sufficient information to admit or deny allegations as to Plaintiff's residency or her general involvement in local politics, or her motivation for appearing or speaking at public meetings, but admit she frequently attended Surprise City Council meetings and shared her opinions on many occasion during those meetings.

11. As to the allegations contained in paragraph **19** of Plaintiff's Complaint, Defendants admit Steven Shernicoff was a sworn officer of the City of Surprise Police Department at all times relevant to Plaintiff's Complaint, and deny the remaining allegations contained in paragraph **19**.

12. As to the allegations contained in paragraph **99** of Plaintiff's Complaint, Defendants admit that Officer Shernicoff had a body worn camera that was operational and functioning, but admit only that Officer Shernicoff was requested to escort Plaintiff out of the chambers when she refused to leave, and initially sought merely to escort Plaintiff as requested.

13. Defendants hereby incorporate all responses herein as to the allegations

contained in the following Paragraphs of Plaintiff's Complaint:  **149, 180, 190, 197, 211, 218, 251 and 257.**

14. Defendants deny any and all allegations not expressly admitted to herein.

15. Defendants deny that Plaintiff is entitled to compensation, damages, or relief of any type.

16. Defendants deny that they violated any of Plaintiff's constitutional or any other rights, whether recognized under federal or state law.

17. Defendants demand trial by jury on all triable issues.

## AFFIRMATIVE DEFENSES

1. Defendants assert that Plaintiff has failed to state claims upon which relief may be granted.

2. Defendants assert failure to mitigate damages.

3. Defendants assert offset or application of amounts received.

4. Defendants assert the absence of standing to raise claims.

5. As to any state law claim asserted, Defendants assert that some or all of Plaintiff's claims are barred by Plaintiff's failure to exhaust administrative remedies, including, but not limited to, failure to submit or file a timely and/or proper notice of claim and/or to submit a proper grievance or similar administrative complaint.

6. Defendants assert entitlement to all immunities and legal justifications applicable under federal and/or state law including, without limitation, all immunities afforded public entities and/or public employees, absolute or qualified; and common law or statutory legal justifications afforded governmental entities and their personnel.

7. Defendants assert that Plaintiff is wholly, comparatively, and/or contributorily at fault and/or is the proximate cause or cause in fact of her claimed injuries.

8. Defendants asserts that other parties, either named or not named, are wholly, comparatively, and/or contributorily at fault.

9. Defendants assert they acted lawfully at all times, and that all alleged conduct is legally justified and/or privileged under both state and federal law.

10. Defendants assert the absence of *respondeat superior* liability, the absence of municipal liability, and/or the absence of other forms of vicarious liability.

11. Defendants plead intervening and/or superseding causes.

12. Although Defendants do not presently have specific facts in support of the remaining defenses, they wish to put Plaintiff on notice that they raise the following defenses which, through subsequent discovery may, indeed, be supported by the facts: lack of jurisdiction over the subject matter, lack of jurisdiction over the person, arbitration and award, accord and satisfaction, compromise, release, or settlement, discharge in bankruptcy, waiver, estoppel, set-off, failure to join an indispensable party, fraud, illegality, laches, license, payment, or res judicata.

WHEREFORE, Defendants respectfully pray that Judgment be entered in their favor, and against Plaintiff, and that Defendants be awarded all attorneys' fees, costs, and other forms of relief deemed just by this Court.

1  DATED this 21st day of January, 2026.

2

3                                          JELLISON LAW OFFICES, PLLC

4                                          By: s/ *James M. Jellison*

5                                          James M. Jellison, Esq.
*Attorney for Defendants City of Surprise, Skip Hall and Steven Shernicoff*

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF FILING AND MAILING**

I hereby certify that on January 21, 2026, I electronically transmitted the attached document to the Clerk's office using the CM/ECF system for filing and transmittal of a Notice of Electronic filing to the following registrant:

Daniel J. Quigley
(State Bar No. 011052)
DANIEL J. QUIGLEY, P.L.C.
5425 E. Broadway Blvd., Ste. 352
Tucson, AZ 85711
quigley@djqplc.com

Conor T. Fitzpatrick
(Mich. P78981 / D.C. 90015616)
FOUNDATION FOR INDIVIDUAL RIGHTS AND EXPRESSION
700 Pennsylvania Ave. SE, Ste. 340 Washington, D.C. 20003
(215) 717-3473
conor.fitzpatrick@thefire.org

Adam B. Steinbaugh
(Penn. 326476 / Cal. 304829) FOUNDATION FOR INDIVIDUAL RIGHTS AND EXPRESSION
510 Walnut St., Ste. 900 Philadelphia, PA 19106
(215) 717-3473
adam@thefire.org

By: s/ *Valerie Hall*