**JELLISON LAW OFFICES, PLLC**
18801 North Thompson Peak Parkway
Suite D235
Scottsdale, AZ 85255
Telephone: (480) 659-4233
E-mail: jim@jellisonlaw.com
JAMES M. JELLISON, ESQ. #012763
*Attorney for Defendants City of Surprise, Skip Hall and Steven Shernicoff*

Conor T. Fitzpatrick*
(Mich. P78981 / D.C. 90015616)
**FOUNDATION FOR INDIVIDUAL RIGHTS AND EXPRESSION**
700 Pennsylvania Ave. SE, Ste. 340
Washington, D.C. 20003
(215) 717-3473
conor.fitzpatrick@thefire.org

*Attorney for Plaintiff Rebekah Massie*
* *Admitted* pro hac vice
*Additional counsel on signature block*

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Rebekah Massie,<br><br>*Plaintiff*,<br><br>v.<br><br>City of Surprise, a municipal corporation and a governmental entity; Skip Hall, in his individual capacity; and Steven Shernicoff, in his individual capacity,<br><br>*Defendants*. | Case No: 2:24-cv-02276-ROS-DMF<br><br>**STIPULATED MOTION TO EXTEND CASE MANAGEMENT DEADLINES**<br><br>**(First Request)** |

Plaintiff Rebekah Massie and Defendants City of Surprise, Skip Hall, and Steven Shernicoff (together, the "Parties"), through undersigned counsel, jointly move under

Federal Rule of Civil Procedure 16(b)(4) and Paragraph 11 of the Case Management Order (Doc. 45) to extend the remaining case-management deadlines as set forth below.[1]

Good cause exists because, despite the Parties' diligence, written discovery and document productions remain ongoing, and the Parties cannot reasonably complete the depositions that should follow them before the current November 6, 2026, fact-discovery deadline. The Parties are also engaged in good-faith efforts to explore whether this case can be resolved through settlement.

This is the Parties' first request to extend the case-management deadlines.

**BACKGROUND**

The Court entered its Case Management Order on February 27, 2026, setting a November 6, 2026, deadline to complete fact discovery and a January 29, 2027, deadline for dispositive motions. (Doc. 45 ¶¶ 4, 7.)

The Parties exchanged initial disclosures on March 17, 2026, and have since served and responded to written discovery. Plaintiff served her first set of requests for production on March 19, 2026, and her first set of interrogatories on April 30, 2026. Defendants answered Plaintiff's first set of interrogatories on June 1, 2026, and responded to Plaintiff's first set of requests for production on June 19, 2026. Defendants served their first requests for production and requests for admission on July 16, 2026, and Plaintiff responded on

---

[1] The Parties disagree about whether to extend deadlines relating to the disclosure of expert witnesses and will separately address that issue in a forthcoming filing.

September 29, 2026. Plaintiff served a second set of interrogatories on Defendant Hall on August 6, 2026, which he answered on September 8, 2026.

Counsel met and conferred by telephone on July 24, 2026, about Defendants' discovery responses and have continued to confer since. On September 28, 2026, Defendants served supplemental responses to Plaintiff's requests for production and interrogatories, and on October 2, 2026, Defendants produced additional documents. Defendants have advised that they will serve a privilege log and produce additional documents. The Parties continue to confer about the scope of the remaining productions and are working to resolve those questions without the Court's intervention.

The Parties have discussed deposition dates but agree that the Parties need to resolve written discovery disputes and productions before depositions would be productive. The Parties anticipate deposing the individual Defendants, other City personnel, and Plaintiff, and they believe those depositions should follow the completion of document production so that no witness must be deposed twice.

The Parties are also engaged in good-faith discussions exploring whether this matter can be resolved (including through the possibility of private mediation), and they intend to continue those discussions, including through the settlement talks the Case Management Order requires. (Doc. 45 ¶ 8.)

**GOOD CAUSE EXISTS TO EXTEND THE DEADLINES**

A scheduling order may be modified "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Good cause "primarily considers the diligence of the party seeking

the amendment," and a court may modify the schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (quoting Fed. R. Civ. P. 16 advisory committee's note to 1983 amendment).

That standard is met. The Parties have pursued discovery diligently since the Court entered the Case Management Order: they exchanged initial disclosures by the Court's deadline, served and answered written discovery, met and conferred, and exchanged supplemental responses and additional productions. But document production is not complete, Defendants have yet to serve their privilege log, and the Parties are still working through questions about the scope of production—issues they are attempting to narrow through personal consultation rather than motion practice, as the Case Management Order and Local Rule 7.2(j) contemplate. (Doc. 45 ¶ 6.) Depositions should follow the completion of the documentary record. Completing that sequence before November 6, 2026, is not realistic, and compressing it would likely produce incomplete depositions, requests to reopen discovery, and discovery-dispute motions the Parties may otherwise be able to avoid.

The Parties are mindful that, absent unusual circumstances, the Court will not extend the schedule to accommodate settlement negotiations. (Doc. 45 ¶ 11.) They do not seek this extension for that purpose alone; they need the extension to complete discovery. The Parties note their ongoing settlement discussions because a complete discovery record

will allow them to evaluate resolution meaningfully, which serves the "just, speedy, and inexpensive determination" of this action. Fed. R. Civ. P. 1.

Because each later deadline in the Case Management Order depends on the close of fact discovery, the Parties request that the Court extend each remaining fact-discovery deadline by approximately four to five months, as identified below. The Court has not set a trial date. This Stipulated Motion is made for good cause, in good faith, and not for the purpose of undue delay.

**AFFECTED DEADLINES AND PROPOSED NEW DEADLINES**

As Paragraph 11 of the Case Management Order requires, the Parties identify below each upcoming deadline that would be affected and propose new deadlines. For the fact-discovery deadlines, where a date approximately four to five months after the current deadline falls on a weekend or legal holiday, the Parties propose the next business day. Deadlines keyed to other deadlines (Doc. 45 ¶¶ 4(a)–(b), 6(c), 8, 10) would move with them; the table shows the resulting dates for convenience.

| Event | Doc. 45 ¶ | Current deadline | Proposed deadline |
|---|---|---|---|
| Last day to commence fact depositions (five working days before close) | 4(a) | October 30, 2026 | March 1, 2027 |
| Close of fact discovery | 4 | November 6, 2026 | March 8, 2027 |
| Good-faith settlement talks | 8 | December 11, 2026 | May 27, 2027 |
| Dispositive and Rule 702/*Daubert* motions | 7(a) | January 29, 2027 | July 15, 2027 |

The extension of future deadlines would further the Federal Rules' general policy favoring resolution of cases on their merits. *See Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258–59 (9th Cir. 2010). Each of the relevant factors under Fed. R. Civ. P. 6(b)(1)(A)—the danger of prejudice, the length of the delay and its effect on the proceedings, the reason for the delay (including whether it was within the reasonable control of the movant), and good faith—favors resetting these unexpired deadlines. *See Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223–24 (9th Cir. 2000) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). The request is stipulated, the Court has not set a trial date, and the revised upcoming deadlines apply equally to all Parties.

## CONCLUSION

The Parties respectfully request that the Court grant this Stipulated Motion and enter the proposed Amended Case Management Order submitted with this Motion, extending each remaining deadline as set forth above.

Dated: October 27, 2026

Respectfully submitted,

/s/ Adam B. Steinbaugh

Adam B. Steinbaugh*
(Penn. 326475 / Cal. 304829)
FOUNDATION FOR INDIVIDUAL RIGHTS AND EXPRESSION
510 Walnut Street, Ste. 900
Philadelphia, PA 19106
(215) 717-3473
adam@thefire.org

Conor T. Fitzpatrick*
(Mich. P78981 / D.C. 90015616)
FOUNDATION FOR INDIVIDUAL
RIGHTS AND EXPRESSION
700 Pennsylvania Ave. SE, Ste. 340
Washington, D.C. 20003
(215) 717-3473
conor.fitzpatrick@thefire.org

Daniel J. Quigley
(State Bar No. 011052)
DANIEL J. QUIGLEY, PLC
5425 E. Broadway Blvd., Ste. 352
Tucson, Arizona 85711
(520) 867-4430
quigley@djqplc.com

*Counsel for Plaintiff*

* Admitted *pro hac vice*

JELLISON LAW OFFICES, PLLC

/s/ James M. Jellison (with permission)
James M. Jellison (State Bar No. 012763)
18801 North Thompson Peak Parkway
Suite D235
Scottsdale, Arizona 85255
(480) 659-4233
jim@jellisonlaw.com

*Attorney for Defendants City of Surprise, Skip Hall, and Steven Shernicoff*

**CERTIFICATE OF SERVICE**

I certify that a true and exact copy of the foregoing document has been served upon the counsel for the parties in interest by operation of the Court's electronic case filing system.

/s/ Adam B. Steinbaugh
Adam B. Steinbaugh