**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Rebekah Massie, et al.,<br>Plaintiffs,<br>v.<br>City of Surprise, et al.,<br>Defendants. | No. CV-24-02276-PHX-ROS (DMF)<br><br>**[PROPOSED] AMENDED CASE MANAGEMENT ORDER** |

The parties met and prepared a Case Management Report in accordance with Rule 26(f) (Doc. 43). On the basis of the Case Management Report, the parties' Stipulated Motion to Extend Case Management Deadlines (Doc. 60), and for appropriate as well as efficient management of this matter,

**IT IS HEREBY ORDERED granting** the parties' Stipulated Motion to Extend Case Management Deadlines (Doc. 60). This Amended Case Management Order amends the Case Management Order entered February 27, 2026 (Doc. 45) as follows:

**IT IS FURTHER ORDERED** that all counsel and self-represented litigants must abide by applicable rules, including the Federal Rules of Civil Procedure and the Rules of Practice of the U.S. District Court for the District of Arizona ("LRCiv" or "Local Rules" or "Local Rules of Civil Procedure").

**IT IS FURTHER ORDERED:**

1. Fact Discovery. The deadline for completing fact discovery, including discovery by subpoena, shall be moved from November 6, 2026 to **March 8, 2027**. To ensure compliance with this deadline, the rules identified in ¶ 4(a)–(d) of the Case Management Order (Doc. 45) continue to apply.

2. The dispositive motions and Fed. R. Evid. 702/*Daubert* motions,[1] deadline shall be moved from January 29, 2027 to **July 15, 2027**.

3. The deadline for all parties and their counsel to meet and engage in good faith settlement talks shall be moved from December 11, 2026 to **May 27, 2027**.

4. **The parties are advised that the Court intends to enforce the deadlines set forth in this Order and should plan their litigation activities accordingly.** In the event that despite diligent efforts the parties cannot meet a deadline, any motion to continue a deadline shall include in the motion a statement regarding whether and which of the other deadlines would be affected if the motion were granted and shall contain the proposed new deadlines. Absent truly unusual circumstances, the Court will not extend the schedule in this case to accommodate settlement negotiations.

[1] Evidentiary motions made under *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993).